1   **ROBERT E. DAVIES, ESQ. / SBN 106810**
    rdavies@donahuedavies.com
2   **MARY A. STEWART, ESQ. / SBN 106758**
    mstewart@donahuedavies.com
3   **GREGORY A. NELSON, ESQ. / SBN 274926**
    gnelson@donahuedavies.com
4   **DONAHUE · DAVIES LLP**
    P.O. BOX 277010
5   Sacramento, CA  95827
    Telephone: (916) 817-2900
6   Facsimile:  (916) 817-2644
7
8   Attorneys for Defendants,
    UNITED INDUSTRIES CORPORATION/
9   SPECTRUM GROUP; SPECTRUM
    BRANDS, INC.; and THE HOME DEPOT
10
11  JASON A. WHEELER, ESQ. / MO SBN 52298 (Pro Hac Vice to be Filed)
    jwheeler@thompsoncoburn.com
12  **THOMPSON COBURN LLP**
    One US Bank Plaza
13  St. Louis, Missouri 63101
    Telephone:  (314) 552-6458
14  Facsimile:  (314) 552-7000
15
16  Attorneys for Defendants,
    UNITED INDUSTRIES CORPORATION/
17  SPECTRUM GROUP and SPECTRUM
    BRANDS, INC.;

18              **UNITED STATES DISTRICT COURT**

19      **EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

20                              -o0o-

21  DWAYNE HASKINS,                    | Case No.

22          Plaintiffs,                |
                                       | **DEFENDANTS' NOTICE OF REMOVAL**
23  v.                                 |

24  UNITED INDUSTRIES CORPORATION;     |
    SPECTRUM GROUP, DIVISION OF UNITED |
25  INDUSTRIES CORPORATION; SPECTRUM   | **JURY TRIAL DEMANDED**
    BRANDS, INC.; THE HOME DEPO and    |
26  DOES 1 through 100, inclusive,     |

27          Defendants.                |

28

                                    1
                **NOTICE OF REMOVAL; DEMAND FOR JURY TRIAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants UNITED INDUSTRIES Corporation/Spectrum Group ("UNITED INDUSTRIES"),[1] SPECTRUM BRANDS, Inc. ("SPECTRUM BRANDS"), and THE HOME DEPOT ("HOME DEPOT") hereby remove this action, which had been pending in the Superior Court of Shasta County, California, as Civil Case No. 186771, to the United States District Court for the Eastern District of California.  As grounds for removal, Defendants state the following:

**1.** **Statement Of The Case:**

This is a product liability action brought by Plaintiff Dwayne Haskins for damages incurred on or about November 29, 2015, as a result of an incident allegedly involving a "Spectracide Triazicide 'Insect Killer for Lawns' Granules."  Complaint for Damages, ¶¶ 11-13 (attached as Exhibit A).  Plaintiff contends the product at issue was designed, manufactured, and sold by Defendants UNITED INDUSTRIES and SPECTRUM BRANDS.  *Id.*, ¶ 15 (Exhibit A).  Plaintiff further alleges he purchased the product from retailer HOME DEPOT.  *Id.*, ¶ 42 (Exhibit A). Plaintiff seeks damages in excess of $3.5 million for pain, suffering, and inconvenience; emotional distress; medical expenses; future medical expenses; loss of earnings.  *See* Statement of Damages (attached as Exhibit B).

**2.** **Basis For Jurisdiction In This Court:**

The basis for jurisdiction in this Court is diversity of citizenship under 28 U.S.C. §1332(a) as the parties are completely diverse and the amount in controversy requirement is met.

    **A.** **The Parties Are Completely Diverse:**

        **i.** **Plaintiff**

Plaintiff's Complaint states he is a resident of the State of California.  Compl., ¶ 1 (Exhibit A).

//

---

[1] Plaintiff incorrectly names "SPECTRUM GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION" ("SPECTRUM GROUP") as a separate defendant.  SPECTRUM GROUP is a trade name used by UNITED INDUSTRIES and is not a legal entity separate or distinct from UNITED INDUSTRIES.

NOTICE OF REMOVAL; DEMAND FOR JURY TRIAL

### ii.    UNITED INDUSTRIES

UNITED INDUSTRIES is incorporated under the laws of the State of Delaware and maintains its principal place of business in the State of Missouri. UNITED INDUSTRIES is, therefore, a citizen of Delaware and Missouri. 28 U.S.C. § 1332(c)(1).

### iii.    Spectrum Group

As previously noted, Spectrum Group is a trade name used by UNITED INDUSTRIES, and not a legal entity separate and distinct from UNITED INDUSTRIES. To the extent Spectrum Group's citizenship is relevant, it is identical to UNITED INDUSTRIES' citizenship, i.e., the States of Delaware and Missouri.

### iv.    SPECTRUM BRANDS

SPECTRUM BRANDS is incorporated under the laws of the State of Delaware and maintains its principal place of business in the State of Wisconsin SPECTRUM BRANDS is, therefore, a citizen of Delaware and Wisconsin. 28 U.S.C. § 1332(c)(1).

### v.    HOME DEPOT

HOME DEPOT is incorporated under the laws of the State of Georgia and maintains its principal place of business in the State of Georgia. HOME DEPOT is, therefore, a citizen of the State of Georgia. 28 U.S.C. § 1332(c)(1).

Because Plaintiff is a citizen of the State of California and no Defendant is a citizen of the State of California, complete diversity exists between the parties. *See* 28 U.S.C. §1332(a)(1).

### B.    Amount In Controversy Exceeds $75,000:

Plaintiff seeks damages in excess of $3.5 million. Statement of Damages (Exhibit B). Although Defendants do not believe Plaintiff is entitled to any recovery in this matter, the amount in controversy exceeds the $75,000 jurisdictional minimum set forth in 28 U.S.C. § 1332(a). *See generally* 28 U.S.C. § 1446(c)(2)(B).

### 3.    Timeliness Of Removal:

Plaintiff's Complaint was filed on February 14, 2017 (Exhibit A). Defendants were each served on March 3, 2017 (Exhibit C). This Notice of Removal, filed on March 29, 2017, is, therefore, timely filed within the thirty days allotted for removal by 28 U.S.C. § 1446(b).

1

2

**4.**    **Consent:**

Each Defendant joins in and consents to the filing of the removal of this action.  28 U.S.C. § 1446(b)(2)(A).

**5.**    **Pleadings and Process:**

Under 28 U.S.C. § 1446(a), Defendants must file a copy of "all process, pleadings, and orders served."  Copies of these documents are attached hereto as Exhibits A through I.

**6.**    **Notice Given:**

Pursuant to 28 U.S.C. § 1446(d), Defendants will provide timely written notice of the filing of this Notice of Removal to Plaintiff and the Superior Court of Shasta County, California.

DATED: March 29, 2017

**DONAHUE • DAVIES LLP**

By: _/S/ Robert E. Davies_
Robert E. Davies
Mary A. Stewart
Gregory A. Nelson
Attorneys for Defendants,
**UNITED INDUSTRIES CORPORATION/
SPECTRUM GROUP; SPECTRUM
BRANDS, INC.; and THE HOME DEPOT**

--and--

**THOMPSON COBURN LLP**

Jason A. Wheeler
Missouri  Bar No. 52298
One US Bank Plaza
St. Louis, Missouri 63101
Telephone:  (314) 552-6458
Facsimile:  (314) 552-7000
jwheeler@thompsoncoburn.com

Attorneys for Defendants,
**UNITED INDUSTRIES CORPORATION/
SPECTRUM GROUP and SPECTRUM
BRANDS, INC.**

NOTICE OF REMOVAL; DEMAND FOR JURY TRIAL

**DEFENDANTS UNITED INDUSTRIES CORPORATION/SPECTRUM GROUP;**

**SPECTRUM BRANDS, INC. and THE HOME DEPOT'S**

**<u>DEMAND FOR JURY TRIAL</u>**

Defendants UNITED INDUSTRIES CORPORATION/SPECTRUM GROUP; SPECTRUM BRANDS, INC. and THE HOME DEPOT hereby a trial by jury.

Dated: March 29, 2017                    **DONAHUE • DAVIES LLP**

                                         By: /S/ *Robert E. Davies*
                                             Robert E. Davies
                                             Mary A. Stewart
                                             Gregory A. Nelson
                                             Attorneys for Defendants,
                                             **UNITED INDUSTRIES CORPORATION/**
                                             **SPECTRUM GROUP; SPECTRUM**
                                             **BRANDS, INC.; and THE HOME DEPOT**

                                             --and--

                                         **THOMPSON COBURN LLP**

                                         Jason A. Wheeler
                                         Missouri Bar No. 52298
                                         One US Bank Plaza
                                         St. Louis, Missouri 63101
                                         Telephone: (314) 552-6458
                                         Facsimile: (314) 552-7000
                                         jwheeler@thompsoncoburn.com

                                         Attorneys for Defendants,
                                         **UNITED INDUSTRIES CORPORATION/**
                                         **SPECTRUM GROUP and SPECTRUM**
                                         **BRANDS, INC.**

**EXHIBIT A**

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:** UNITED INDUSTRIES CORPORATION;
*(AVISO AL DEMANDADO):* SPECTRUM GROUP; DIVISION OF
UNITED INDUSTRIES CORPORATION; SPECTRUM BRANDS, INC.;
THE HOME DEPOT; and DOES 1 through 100, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*



FILED

FEB 14 2017

CLERK OF THE SUPERIOR COURT
BY: SETH CORLEY, DEPUTY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:** DWAYNE HASKINS
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):* 86771

Shasta County Superior Court
1500 Court Street
Redding, CA 96001

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Russell Reiner, Bar #84461              (530) 241-1905   (530) 241-0622
REINER, SLAUGHTER & McCARTNEY                              Facsimile
P. O. Box 494940
Redding, CA 96049-4940

DATE:                              Clerk, by   SETH CORLEY              , Deputy
*(Fecha)* FEB 14 2017              *(Secretario)*                       *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

LAW OFFICES OF
**REINER, SLAUGHTER &
McCARTNEY, LLP**
2851 Park Marina Drive, Suite 200
Post Office Box 494940
Redding, CA 96049-4940
(530) 241-1905
FAX (530) 241-0622

Russell Reiner, State Bar No. 84461
Todd E. Slaughter, State Bar No. 87753
April K. Stratts, State Bar No. 290423
Kathryn C. Llaurado, State Bar No. 313609

Attorneys for Plaintiff

**FILED**

FEB 14 2017

CLERK OF THE SUPERIOR COURT
BY: SETH CORLEY, DEPUTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SHASTA

DWAYNE HASKINS,

Plaintiff,

vs.

UNITED INDUSTRIES CORPORATION;
SPECTRUM GROUP, DIVISION OF
UNITED INDUSTRIES
CORPORATION;
SPECTRUM BRANDS, INC.;
THE HOME DEPOT;
and DOES 1 through 100, inclusive,

Defendants.

**UNLIMITED CIVIL CASE**

NO.   186771

**COMPLAINT FOR DAMAGES**
(Amount demanded exceeds $25,000.00)

Plaintiff alleges:

### PRELIMINARY ALLEGATIONS

1.     Plaintiff DWAYNE HASKINS is, and at all times herein mentioned was, an individual, residing in Shasta County, State of California.

2.     Plaintiff is informed and believes, and upon such information and belief alleges thereon, that Defendant UNITED INDUSTRIES CORPORATION, is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State

///

1  of Delaware, based in the State of Missouri, and doing business in the State of California,
2  County of Shasta.

3       3.      Plaintiff is informed and believes, and upon such information and belief
4  alleges thereon, that Defendant SPECTRUM GROUP, DIVISION OF UNITED
5  INDUSTRIES CORPORATION, is, and at all times herein mentioned was, a corporation
6  organized and existing under the laws of the State of Delaware, based in the State of
7  Missouri, and doing business in the State of California, County of Shasta.

8       4.      Plaintiff is informed and believes, and upon such information and belief
9  alleges thereon, that Defendant SPECTRUM BRANDS, INC. is, and at all times herein
10 mentioned was, a corporation organized and existing under the laws of the State of Delaware,
11 based in the State of Wisconsin, and doing business in the State of California, County of
12 Shasta.

13      5.      Defendant THE HOME DEPOT, is, and at all times herein mentioned was, a
14 home improvement store located at 1200 Churn Creek Road, Redding, California 96003.

15      6.      Defendants Doe 1 through 100, inclusive, are sued herein under fictitious
16 names. Their true names and capacities are unknown to plaintiff. When their true names and
17 capacities are ascertained, plaintiff will amend this complaint by inserting their true names
18 and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the
19 fictitiously named defendants is responsible in some manner for the occurrences herein
20 alleged, and that plaintiff's damages as herein alleged were legally caused by those
21 defendants. Each reference in this complaint to "defendant," "defendants," or a specifically
22 named defendant refers also to all defendants sued under fictitious names. Plaintiff will
23 amend this complaint to allege their true names and capacities when ascertained.

24      7.      At all times herein mentioned, defendants Does 1 through 100, inclusive, and
25 each of them, were the agents and employees of their co-defendants, and in doing the things
26 hereinafter alleged, were acting within the course and scope of such agency and with the
27 permission and consent of their co-defendants.

28 ///

2

COMPLAINT FOR DAMAGES

1        8.     Jurisdiction and venue are proper in the Superior Court of Shasta County, in

2    the State of California. Defendant THE HOME DEPOT is located in Shasta County and the

3    subject incident occurred in Redding, California in Shasta County. Furthermore, this venue

4    is convenient to the parties and is an appropriate venue for a civil action.

5        9.     Federal jurisdiction does not exist here. Defendant THE HOME DEPOT is a

6    California citizen and resident for purposes of determining jurisdiction. Protection against

7    local prejudice is the essential purpose of removal jurisdiction based on diversity of

8    citizenship. Thus, defendants cannot remove a case to federal court if any defendant is a

9    citizen of the State in which such action is brought. 28 U.S.C. § 1441(b)(2); *Spencer v.*

10   *United States Dist. Court* (9th Cir. 2004) 393 F.3d 867, 870. Therefore, there is not complete

11   diversity and this matter is properly venued in this court.

12   <u>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

13       10.    Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 9

14   of the preliminary allegations of this complaint, and makes them a part of all causes of action

15   as though fully set forth herein.

16       11.    On or about June or July 2015, Plaintiff purchased a bag of Spectracide

17   Triazicide 'Insect Killer for Lawns' Granules ("Spectracide Granules") from Defendant THE

18   HOME DEPOT at 1200 Churn Creek Road, Redding, California 96003.

19       12.    On or about June or July 2015, Plaintiff applied the Spectracide Granules as

20   directed on the package labeling around the foundation of his house located at 1940 Jason

21   Way in Redding, California to control an ant problem.

22       13.    On or about November 29, 2015, Plaintiff made a burn pile consisting of

23   leaves, branches, dry weeds and grass on his property at 1940 Jason Way, Redding,

24   California 96003. About 45 minutes after igniting the burn pile and tending the fire, Plaintiff

25   began to feel woozy and could not catch his breath. Plaintiff went into his house and

26   sometime shortly thereafter, lost consciousness. Fortunately, a neighbor stopped by his

27   house and saw Plaintiff lying on the floor and called 911. Plaintiff was transported to the

28   ///

<div align="center">

3

COMPLAINT FOR DAMAGES

</div>

1  hospital by ambulance.  Plaintiff was treated in the emergency room for injuries he suffered
2  as a result of chemical poisoning.

### FIRST CAUSE OF ACTION

### STRICT PRODUCT LIABILITY

(As to defendants UNITED INDUSTRIES CORPORATION; SPECTRUM GROUP,
DIVISION OF UNITED INDUSTRIES CORPORATION; SPECTRUM BRANDS,
INC.; and Does 1-50)

14.   Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 13
of this complaint, and makes them a part of this first cause of action as though fully set forth
herein.

15.   Plaintiff is informed and believes and thereon alleges, that all times herein
mentioned, Defendants UNITED INDUSTRIES CORPORATION; SPECTRUM GROUP,
DIVISION OF UNITED INDUSTRIES CORPORATION; SPECTRUM BRANDS, INC.;
and DOES 1 through 50, inclusive, and each of them, manufactured, fabricated, planned,
designed, assembled, tested, labeled, inspected, distributed, leased, bought, sold, imported,
marketed, warranted and advertised the Spectracide Granules which contained a product
defect of failing to adequately warn of potential risks and danger and instruct on the safe use
of the product.

16.   Defendants UNITED INDUSTRIES CORPORATION; SPECTRUM
GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION; SPECTRUM
BRANDS, INC.; and DOES 1 through 50, inclusive, and each of them, knew the potential
risks and danger of burning leaves, brush, grass, etc. containing Spectracide Granules at the
time of its manufacture, distribution and sale.

17.   The potential risks and danger of burning leaves, brush, grass, etc. containing
Spectracide Granules presents a substantial danger when the Spectracide Granules are used in
an intended or reasonably foreseeable manner.

18.   Defendants UNITED INDUSTRIES CORPORATION; SPECTRUM
GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION; SPECTRUM

1  BRANDS, INC.; and DOES 1 through 50, inclusive, and each of them, owed a duty to warn

2  consumers such as Plaintiff of the foreseeable risks and danger associated with burning

3  leaves, brush, grass, etc. that may still contain Spectracide Granules and to instruct on the

4  safe use of burning leaves, brush, grass, etc. that may still contain Spectracide Granules.

5      19.   Ordinary customers would not have recognized the potential risk of burning

6  leaves, brush, grass, etc. containing Spectracide Granules that were applied over four months

7  prior to the burning.  The use of the Spectracide Granules by Plaintiff was in a manner

8  reasonably foreseeable and involved substantial danger that would not be recognized by the

9  ordinary user of the product.

10     20.   Defendants  UNITED  INDUSTRIES  CORPORATION;  SPECTRUM

11  GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION; SPECTRUM

12  BRANDS, INC.; and DOES 1 through 50, inclusive, and each of them, intentionally,

13  carelessly or recklessly failed to give adequate warning or instruct of the potential risk of

14  burning leaves, brush, grass, etc. containing Spectracide Granules, proximately causing

15  injury to Plaintiff.

16     21.   Plaintiff was not aware of any risk at any time prior to November 29, 2015,

17  and the risk was not detectable by normal inspection of the Spectracide Granules labeling and

18  advertising prior to use.

19     22.   As a direct and legal result of the conduct of Defendants UNITED

20  INDUSTRIES CORPORATION; SPECTRUM GROUP, DIVISION OF UNITED

21  INDUSTRIES CORPORATION; SPECTRUM BRANDS, INC.; and DOES 1 through 50,

22  inclusive, and each of them, Plaintiff was harmed due to severe chemical poisoning caused

23  by the burning of the Spectracide Granules and suffered severe and permanent injuries,

24  including but not limited to, memory loss, atrial fibrillation, enlarged heart, congestive heart

25  failure and the exacerbation of his underlying health issues.

26     23.   The lack of sufficient instructions or warnings on the Spectracide Granules

27  labeling was a substantial factor in causing Plaintiff's harm.

28  ///

24.     As a direct and proximate result of the acts or omissions of Defendants' UNITED INDUSTRIES CORPORATION; SPECTRUM GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION; SPECTRUM BRANDS, INC.; and DOES 1 through 50, inclusive, and each of them, in the manufacturing, design, testing, labeling, marketing, distribution and sale of the Spectracide Granules as alleged, Plaintiff has suffered reasonable and necessary medical expenses in the past and will incur reasonable and necessary medical expenses in the future in an amount which is currently unknown but will be pleaded when ascertained. Plaintiff has also suffered lost income and loss of earning capacity in amounts which are currently unknown but will be pleaded when ascertained.

## SECOND CAUSE OF ACTION

### NEGLIGENCE

**(As to defendants UNITED INDUSTRIES CORPORATION; SPECTRUM GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION; SPECTRUM BRANDS, INC.; and Does 1-50)**

25.     Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 24 of this complaint, and makes them a part of this second cause of action as though fully set forth herein.

26.     Defendants  UNITED   INDUSTRIES   CORPORATION;   SPECTRUM GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION; SPECTRUM BRANDS, INC.; and DOES 1 through 50, inclusive, and each of them, manufactured, fabricated, planned, designed, assembled, tested, labeled, inspected, distributed, leased, bought, sold, imported, marketed, warranted and advertised the Spectracide Granules which contained a product defect of failing to adequately warn of potential risks and danger and instruct on the safe use of the product.

27.     Defendants  UNITED   INDUSTRIES   CORPORATION;   SPECTRUM GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION; SPECTRUM BRANDS, INC.; and DOES 1 through 50, inclusive, and each of them, knew or reasonably

///

1    should have known that burning leaves, brush, grass, etc. containing Spectracide Granules

2    was dangerous or was likely to be dangerous.

3         28.    Defendants UNITED INDUSTRIES CORPORATION; SPECTRUM

4    GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION; SPECTRUM

5    BRANDS, INC.; and DOES 1 through 50, inclusive, and each of them, knew or reasonably

6    should have known that burning leaves, brush, grass, etc. after Spectracide Granules were

7    applied was a reasonably foreseeable use of the product.

8         29.    Defendants UNITED INDUSTRIES CORPORATION; SPECTRUM

9    GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION; SPECTRUM

10   BRANDS, INC.; and DOES 1 through 50, inclusive, and each of them, knew or reasonably

11   should have known that users would not realize the danger of burning leaves, brush, grass,

12   etc. over four months after applying Spectracide Granules to their lawns.

13        30.    Defendants UNITED INDUSTRIES CORPORATION; SPECTRUM

14   GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION; SPECTRUM

15   BRANDS, INC.; and DOES 1 through 50, inclusive, and each of them, failed to adequately

16   warn of the danger or instruct on the safe use of the product and thus, were negligent in their

17   failure to warn, inform, and instruct of the risks and danger caused by burning leaves, brush,

18   grass, etc. that may still contain the Spectracide Granules.

19        31.    A reasonable manufacturer, distributor, seller under the same or similar

20   circumstances would have warned of the danger or instructed on the safe use of the product.

21        32.    As a direct and legal result of the negligence and conduct of Defendants

22   UNITED INDUSTRIES CORPORATION; SPECTRUM GROUP, DIVISION OF UNITED

23   INDUSTRIES CORPORATION; SPECTRUM BRANDS, INC.; and DOES 1 through 50,

24   inclusive, and each of them, Plaintiff was harmed due to severe chemical poisoning caused

25   by the burning of the Spectracide Granules and suffered severe and permanent injuries,

26   including but not limited to, memory loss, atrial fibrillation, enlarged heart, congestive heart

27   failure and the exacerbation of his underlying health issues.

28   ///

33. Defendants' UNITED INDUSTRIES CORPORATION; SPECTRUM GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION; SPECTRUM BRANDS, INC.; and DOES 1 through 50, inclusive, and each of their negligent failure to warn or instruct was a substantial factor in causing Plaintiff's harm.

34. As a direct and proximate result of Defendants' UNITED INDUSTRIES CORPORATION; SPECTRUM GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION; SPECTRUM BRANDS, INC.; and DOES 1 through 50, inclusive, and each of their acts and/or omissions in the manufacturing, design, testing, labeling, marketing, distribution and sale of the Spectracide Granules as alleged, Plaintiff has suffered reasonable and necessary medical expenses in the past and will incur reasonable and necessary medical expenses in the future in an amount which is currently unknown but will be pleaded when ascertained. Plaintiff has also suffered from lost income and loss of earning capacity in amounts which are currently unknown but will be pleaded when ascertained.

### THIRD CAUSE OF ACTION

#### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

**(As to defendants UNITED INDUSTRIES CORPORATION; SPECTRUM GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION; SPECTRUM BRANDS, INC.; and Does 1-50)**

35. Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 34 of this complaint, and makes them a part of this third cause of action as though fully set forth herein.

36. Plaintiff purchased a bag of Spectracide Granules manufactured, distributed, and sold by Defendants UNITED INDUSTRIES CORPORATION; SPECTRUM GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION; SPECTRUM BRANDS, INC.; and DOES 1 through 50, inclusive, and each of them, in June or July 2015.

37. At the time of the purchase in June or July 2015, Defendants UNITED INDUSTRIES CORPORATION; SPECTRUM GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION; SPECTRUM BRANDS, INC.; and DOES 1 through 50,

1     inclusive, and each of them, were in the business of manufacturing, labeling, distributing, and

2     selling Spectracide products, including the subject Spectracide Granules.

3          38.    The subject Spectracide Granules were not adequately contained, packaged

4     and labeled.

5          39.    Plaintiff is informed and believes and thereon alleges, that at all times herein

6     mentioned, Defendants UNITED INDUSTRIES CORPORATION; SPECTRUM GROUP,

7     DIVISION OF UNITED INDUSTRIES CORPORATION; SPECTRUM BRANDS, INC.;

8     and DOES 1 through 50, inclusive, and each of them, impliedly warranted to Plaintiff and the

9     general consuming public that there were no substantial risks or danger while using the

10     Spectracide Granules in a foreseeable expected manner: burning leaves, brush, grass, etc.

11     over four months after the Spectracide Granules were applied.

12          40.    On or about November 29, 2015, the breaches of these warranties were the

13     proximate, legal causes of the damages sustained by Plaintiff. Plaintiff has incurred damages

14     to be shown by proof at trial.

15                   **FOURTH CAUSE OF ACTION**

16                   **STRICT PRODUCT LIABILITY**

17            **(As to defendant THE HOME DEPOT, and Does 51-100)**

18

19          41.    Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 40

20     of this complaint, and makes them a part of this fourth cause of action as though fully set

21     forth herein.

22          42.    Defendants THE HOME DEPOT; and DOES 51 through 100, inclusive, and

23     each of them, were in the business of selling, maintaining, instructing as to its use, supplying,

24     recommending, merchandising, promoting, retailing and were and are the dealers of

25     Spectracide products, including the subject Spectracide Granules on or about June or July

26     2015.

27     ///

28     ///

1      43.    Plaintiff purchased subject Spectracide Granules at Defendant THE HOME

2    DEPOT at 1200 Churn Creek Road, Redding, California 96003 on or about June or July

3    2015.

4      44.    The Spectracide Granules were a defective product because of their failure to

5    adequately warn of the potential risks and danger or instruct on the safe use of the product

6    when they left Defendants' THE HOME DEPOT; and DOES 51 through 100, inclusive, and

7    each of their control and sold them to Plaintiff on or about June or July 2015.

8      45.    Defendants THE HOME DEPOT; and DOES 51 through 100, inclusive, and

9    each of them, knew, expected, or intended that Spectracide Granules were applied to

10    consumers' lawns.  Defendants THE HOME DEPOT; and DOES 51 through 100, inclusive,

11    and each of them, knew or expected that consumers burn leaves, brush, grass, etc. on their

12    property.

13      46.   Defendants THE HOME DEPOT; and DOES 51 through 100, inclusive, and each

14    of them, owed a duty to warn consumers such as Plaintiff of the foreseeable risks and danger

15    associated with burning leaves, brush, grass, etc. that may still contain Spectracide Granules

16    and to instruct on the safe use of burning leaves, brush, grass, etc. that still contain

17    Spectracide Granules.

18      47.    Plaintiff was harmed due to severe chemical poisoning caused by the burning

19    of the Spectracide Granules that he purchased at Defendant THE HOME DEPOT and

20    suffered severe and permanent injuries, including but not limited to, memory loss, atrial

21    fibrillation, enlarged heart, congestive heart failure and the exacerbation of his underlying

22    health issues.

23      48.    The product defect, the failure to adequately warn of the potential risks and

24    danger and instruct as to the safe use of the product, was a substantial factor in causing

25    Plaintiff's harm.

26      49.   As a direct and proximate result of the acts or omissions of Defendants' THE

27    HOME DEPOT; and DOES 51 through 100, inclusive, in the sale of the Spectracide

28    Granules as alleged, Plaintiff has suffered reasonable and necessary medical expenses in the

1   past and will incur reasonable and necessary medical expenses in the future in an amount

2   which is currently unknown but will be pleaded when ascertained.  Plaintiff has also suffered

3   lost income and loss of earning capacity in amounts which are currently unknown but will be

4   pleaded when ascertained.

5                                  **FIFTH CAUSE OF ACTION**

6                                          **NEGLIGENCE**

7             **(As to defendant THE HOME DEPOT, and Does 51-100)**

8

9         50.    Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 49

10  of this complaint, and makes them a part of this fifth cause of action as though fully set forth

11  herein.

12        51.    Defendants THE HOME DEPOT; and DOES 51 through 100, inclusive, and

13  each of them, were in the business of selling, maintaining, instructing as to its use, supplying,

14  recommending, merchandising, promoting, retailing and were and are the dealers of

15  Spectracide products, including the subject Spectracide Granules on or about June or July

16  2015.

17        52.    Defendants THE HOME DEPOT; and DOES 51 through 100, inclusive, and

18  each of them, knew or reasonably should have known that Spectracide Granules were applied

19  to consumers' lawns.  Defendants THE HOME DEPOT; and DOES 51 through 100,

20  inclusive, and each of them, knew or reasonably should have known that consumers burn

21  leaves, brush, grass, etc. on their property.

22        53.    On or about June and July 2015, Defendants THE HOME DEPOT; and DOES

23  51 through 100, inclusive and each of them, negligently and carelessly controlled,

24  maintained, sold, promoted, displayed and retailed the subject Spectracide Granules.

25        54.    Defendants THE HOME DEPOT; and DOES 51 through 100, inclusive, and

26  each of them, knew or in the exercise of reasonable care should have known and discovered

27  that the Spectracide Granules as controlled, maintained, sold, promoted, displayed and

28  ///

1  retailed were defective and failed to adequately warn of risks and danger or instruct as to the
2  safe use of the product.

3     55.   As a direct and legal result of the negligence and conduct of Defendants THE
4  HOME DEPOT; and DOES 51 through 100, inclusive, and each of them, Plaintiff was
5  harmed due to severe chemical poisoning caused by the burning of the Spectracide Granules
6  and suffered severe and permanent injuries, including but not limited to, memory loss, atrial
7  fibrillation, enlarged heart, congestive heart failure and the exacerbation of his underlying
8  health issues.

9     56.   As a direct and proximate result of the acts or omissions of Defendants' THE
10 HOME DEPOT; and DOES 51 through 100, inclusive, in the sale of the Spectracide
11 Granules as alleged, Plaintiff has suffered reasonable and necessary medical expenses in the
12 past and will incur reasonable and necessary medical expenses in the future in an amount
13 which is currently unknown but will be pleaded when ascertained.  Plaintiff has also suffered
14 from lost income and loss of earning capacity in amounts which are currently unknown but
15 will be pleaded when ascertained.

16             **SIXTH CAUSE OF ACTION**
17     **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
18       **(As to defendant THE HOME DEPOT, and Does 51-100)**
19     57.   Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 56
20 of this complaint, and makes them a part of this sixth cause of action as though fully set forth
21 herein.

22     58.   Plaintiff purchased a bag of Spectracide Granules controlled, retailed,
23 advertised, promoted and sold by Defendants THE HOME DEPOT; and DOES 51 through
24 100, inclusive, and each of them, on or about June or July 2015.

25     59.   At the time of the purchase, on or about June or July 2015, Defendants THE
26 HOME DEPOT; and DOES 51 through 100, inclusive, and each of them, were in the
27 business of controlling, retailing, advertising, promoting and selling Spectracide products,
28 including the subject Spectracide Granules.

60.   The subject Spectracide Granules were not adequately contained, packaged and labeled.

61.   Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned, Defendants THE HOME DEPOT, and DOES 51 through 100, inclusive, and each of them, impliedly warranted to Plaintiff and the general consuming public that there were no substantial risks or danger while using the Spectracide Granules in a foreseeable expected manner: burning leaves, brush, grass, etc. over four months after the Spectracide Granules were applied.

62.   On or about November 29, 2015, the breaches of these warranties were the proximate, legal causes of the damages sustained by Plaintiff. Plaintiff has incurred damages to be shown by proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.   For general damages according to proof.

2.   For medical expenses according to proof.

3.   For damages for loss of income and earnings and impairment of earning ability according to proof.

4.   For punitive and exemplary damages in an amount appropriate to punish or set an example of defendants.

5.   For prejudgment interest and other interest as allowed by law.

6.   For costs of suit incurred herein.

7.   For injunctive relief.

8.   For such other and further relief as the court may deem proper.

Dated: February 14, 2017                    REINER, SLAUGHTER & McCARTNEY LLP

By _____
RUSSELL REINER
Attorneys for Plaintiff

13

**EXHIBIT B**

**- DO NOT FILE WITH THE COURT -**

**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

CIV-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Russell Reiner, Bar #84461<br>REINER, SLAUGHTER & McCARTNEY<br>P. O. Box 494940<br><br>Redding, CA 96049-4940 | (530) 241-1905 | |

ATTORNEY FOR *(name):* Dwayne Haskins

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Shasta

STREET ADDRESS: 1500 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Redding, CA 96001
BRANCH NAME:

PLAINTIFF: DWAYNE HASKINS
DEFENDANT: UNITED INDUSTRIES CORPORATION, ET AL.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>186771 |
|---|---|

To *(name of one defendant only):* SPECTRUM BRANDS, INC.

Plaintiff *(name of one plaintiff only):* DWAYNE HASKINS

seeks damages in the above-entitled action, as follows:

1. **General damages**                                                                                                                          **AMOUNT**

    a. [X] Pain, suffering, and inconvenience ................. In excess of .......... $ 2,000,000.

    b. [X] Emotional distress ......................................................... $ 500,000.00

    c. [ ] Loss of consortium ........................................................ $ _____

    d. [ ] Loss of society and companionship *(wrongful death actions only)* ........................ $ _____

    e. [ ] Other *(specify)* ............................................................. $ _____

    f. [ ] Other *(specify)* ............................................................. $ _____

    g. [ ] Continued on Attachment 1.g.

2. **Special damages**

    a. [X] Medical expenses *(to date)* ................ In excess of .......... $ 139,574.23

    b. [X] Future medical expenses *(present value)* .......... In excess of .......... $ 300,000.00

    c. [X] Loss of earnings *(to date)* ................ In excess of .......... $ 100,000.00

    d. [X] Loss of future earning capacity *(present value)* ...... In excess of .......... $ 500,000.00

    e. [ ] Property damage ............................................................ $ _____

    f. [ ] Funeral expenses *(wrongful death actions only)* ............................. $ _____

    g. [ ] Future contributions *(present value) (wrongful death actions only)* ............. $ _____

    h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ............. $ _____

    i. [ ] Other *(specify)* ............................................................. $ _____

    j. [ ] Other *(specify)* ............................................................. $ _____

    k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)* .$ _____
    when pursuing a judgment in the suit filed against you.

Date: February 27, 2017

Russell Reiner, Bar #84461                    ►            *(signature)*
_____                    _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)                                                Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Legal
Solutions
℞ Plus

Code of Civil Procedure, §§ 425.11, 425.115

CIV-050

| PLAINTIFF: DWAYNE HASKINS | CASE NUMBER: |
|---|---|
| DEFENDANT: UNITED INDUSTRIES CORPORATION, ET AL. | 186771 |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages   ☐ Other *(specify):*

   b. on *(name):*

   c. by serving   ☐ defendant   ☐ other *(name and title or relationship to person served):*

   d. ☐ by delivery   ☐ at home   ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)*
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** . By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b))  **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30)  **(Attach completed acknowledgment of receipt.)**
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40)  **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. ☐ Other *(specify code section):*
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

**EXHIBIT C**



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

KG3 / ALL
Transmittal Number: 16325516
Date Processed: 03/05/2017

| | |
|---|---|
| Primary Contact: | Kris Caldwell
Spectrum Brands, Inc.
3001 Deming Way
Middleton, WI 53562 |
| Electronic copy provided to: | Michael Pfefferkorn
Erin Cassidy
Heather Clefisch
James Hemmings |

| | |
|---|---|
| Entity: | United Industries Corporation
Entity ID Number  2294664 |
| Entity Served: | United Industries Corporation |
| Title of Action: | Dwayne Haskings vs. United Industries Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court/Agency: | Shasta County Superior Court, California |
| Case/Reference No: | 186771 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 03/03/2017 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Russell Reiner
530-241-1905 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com



# CORPORATION SERVICE COMPANY®

## Notice of Service of Process

**KG3 / ALL**
**Transmittal Number: 16326334**
**Date Processed: 03/06/2017**

Primary Contact:        Kris Caldwell
                        Spectrum Brands, Inc.
                        3001 Deming Way
                        Middleton, WI 53562

Electronic copy provided to:    James Hemmings
                                Michael Pfefferkorn
                                Erin Cassidy
                                Heather Clefisch

| | |
|---|---|
| Entity: | Spectrum Brands, Inc.<br>Entity ID Number  2914212 |
| Entity Served: | Spectrum Brands, Inc. |
| Title of Action: | Dwayne Haskins vs. United Industries Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court/Agency: | Shasta County Superior Court, California |
| Case/Reference No: | 186771 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 03/03/2017 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Russell Reiner<br>530-241-1905 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT D**



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

KG3 / ALL
**Transmittal Number: 16326361**
**Date Processed: 03/06/2017**

Primary Contact:  Quinessa Malcolm
The Home Depot, Inc.
2455 Paces Ferry Rd SE
Atlanta, GA 30339-1834

| | |
|---|---|
| Entity: | The Home Depot<br>Entity ID Number 2483807 |
| Entity Served: | The Home Depot |
| Title of Action: | Dwayne Haskins vs. United Industries Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court/Agency: | Shasta County Superior Court, California |
| Case/Reference No: | 186771 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 03/03/2017 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Russell Reiner<br>530-241-1905 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscglobal.com

**EXHIBIT E**

## THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF SHASTA

CASE NO.:     **186771**

NOTICE OF 1) ALL PURPOSE ASSIGNMENT,
2) MANDATORY SETTLEMENT
CONFERENCE AND 3) TRIAL

## INSTRUCTIONS – READ IMMEDIATELY!

### ORDER OF ASSIGNMENT

This action is assigned to the ☒ Hon. Stephen H. Baker / ☐ Hon. Tamara L. Wood for all purposes pursuant to Local Rule 3.02 of the Shasta County Superior Court.

### MANDATORY SETTLEMENT CONFERENCE DATE

A Mandatory Settlement Conference will be conducted in this action on (Monday/Tuesday) _10/16/17_ at 1:30 p.m. in Department ☒ 3 / ☐ 8, located at 1500 Court Street, Redding, California 96001. All parties to this action are required to appear at the Settlement Conference.

The parties are ordered to comply with California Rules of Court, Rule 3.1380 relating to settlement conferences. Pursuant to Rule 3.1380(b), this court finds good cause is deemed to have been shown to excuse from attendance at settlement conference claims persons whose offices are more than 100 miles from the courthouse.

### TRIAL DATE

This matter is set for Trial on Tuesday/Wednesday, _1/17/18_ at 8:45 a.m. in Department ☒ 3 / ☐ 8, located at 1500 Court Street, Redding, CA 96001.

### REQUIREMENT FOR SERVING THIS NOTICE

Plaintiff shall serve this notice on each defendant at the time of service of the complaint and on all intervenors and interpleaders within 10 days of service on plaintiff of complaints in intervention or interpleader. All cross-complainants shall serve this notice on each cross-defendant at the time of service of the cross-complaint.

IF YOU ARE A DEFENDANT OR CROSS-DEFENDANT, YOU HAVE BEEN SERVED WITH OTHER DOCUMENTS ALONG WITH THIS NOTICE. UNDER THE LAW, THOSE OTHER DOCUMENTS REQUIRE YOU TO TAKE ACTION PROMPTLY TO PRESERVE YOUR RIGHTS. PLEASE REVIEW THOSE MATERIALS IMMEDIATELY. THE REQUIREMENTS SET FORTH IN THIS NOTICE AND THE SETTLEMENT CONFERENCE AND TRIAL DATE SCHEDULED IN THIS NOTICE ARE SEPARATE AND ARE IN ADDITION TO THOSE CONTAINED IN THE OTHER DOCUMENTS WHICH YOU HAVE RECEIVED.

Dated: January 3, 2017

_Gary G. Gibson_
GARY G. GIBSON, Presiding Judge

I CERTIFY THAT A COPY OF THIS DOCUMENT WAS PROVIDED TO THE PLAINTIFF ON _2/14/17_ BY: _S. Castro_, DEPUTY CLERK

Form Approved for Mandatory Use
Shasta County Superior Court
LF-CIV-100(rev Jan. 3, 2017)

**NOTICE OF ASSIGNMENT - CIVIL**

Page 1 of 1

**EXHIBIT F**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SHASTA
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. Private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. You can read more information about these ADR processes and watch videos that demonstrate them at http://www.courts.ca.gov/programs-adr.htm. If the parties agree to an ADR program, the parties may file the agreement with the court for the purpose of assisting the court in determining how to proceed at the case management conference.

### Potential Advantages and Disadvantages

ADR may have a variety of advantages and disadvantages over a trial, depending on the type of ADR process used and the particular case:

#### Potential Advantages
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships.

#### Potential Disadvantages
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable.

### Most Common Types of ADR

**Mediation** – A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners.

**Settlement Conferences** – A judge helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Neutral Evaluation** – The parties briefly and informally present their facts and arguments to a neutral person called an "evaluator", who is often an expert in the subject matter of the dispute. The evaluator does not decide the outcome of the dispute, but helps the parties to do so by giving them a non-binding opinion about the strengths, weaknesses, and likely outcome of their case. Depending on the neutral evaluation program and the parties' wishes, the evaluator may then help the parties try to negotiate a settlement. Neutral evaluation may be appropriate if the parties want a neutral person's opinion about how

the case might be resolved, if the primary dispute is the amount of damages, or if there are technical issues that the parties would like a neutral expert to help resolve.

**Arbitration** — The parties present evidence and arguments to a neutral person called an "arbitrator" who then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to *binding arbitration*, they waive their right to a trial and agree to accept the arbitrator's decision as final. With *nonbinding arbitration*, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or want an expert in the subject matter of the dispute to make the decision.

## Selecting an ADR Program and Neutral

Selecting an ADR program and neutral are important decisions. Be sure to learn about the rules of any program and the qualifications of any neutral you are considering, and about their fees.

## Shasta County Superior Court ADR Programs

When a civil case is set for trial the judge also will set a settlement conference date approximately six weeks before the trial date. The judge assigned to the case will assist the parties in attempting to arrive at a negotiated resolution.

Shasta County Superior Court does not offer mediation, neutral evaluations, or arbitrations.

**Private ADR Providers** – To find a private ADR program or neutral evaluator, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or the Shasta-Trinity Counties Bar Association may assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California Courts website at http://courts.ca.gov/selfhelp.htm .

Information Sheet
Shasta County Superior Court
LF-CIV-103  (rev March 28, 2013)

ALTERNATIVE DISPUTE RESOLUTION
(ADR) INFORMATION PACKAGE

Page 2 of 2

**EXHIBIT G**

1 | ROBERT E. DAVIES, ESQ. / SBN 106810
MARY A. STEWART, ESQ. / SBN 106758

2 | GREGORY A. NELSON, ESQ. / SBN 274926
DONAHUE • DAVIES LLP

3 | P.O. BOX 277010
Sacramento, CA 95827

4 | Telephone: (916) 817-2900
Facsimile: (916) 817-2644

5 |

6 | Attorneys for Defendant,
UNITED INDUSTRIES CORPORATION/

7 | SPECTRUM GROUP (erroneously named herein
as UNITED INDUSTRIES CORPORATION and

8 | SPECTRUM GROUP, DIVISION OF UNITED
INDUSTRIES CORPORATION)

**FILED**

MAR 2 7 2017

CLERK OF THE SUPERIOR COURT
BY: N. BLEVINS, DEPUTY CLERK

9 | SUPERIOR COURT OF CALIFORNIA

10 | COUNTY OF SHASTA

11 | -o0o-

12 | DWAYNE HASKINS,

13 |         Plaintiff,

14 |     v.

15 | UNITED INDUSTRIES CORPORATION;
SPECTRUM GROUP, DIVISION OF

16 |     UNITED INDUSTRIES
CORPORATION;

17 | SPECTRUM BRANDS, INC.;
THE HOME DEPOT; and

18 | DOES 1 through 100, inclusive,

19 |         Defendants.

Case No. 186771

ANSWER OF UNITED INDUSTRIES
CORPORATION/SPECTRUM GROUP
(erroneously named herein as UNITED
INDUSTRIES CORPORATION and
SPECTRUM GROUP, DIVISION OF
UNITED INDUSTRIES CORPORATION)
TO PLAINTIFF DWAYNE HASKINS'
COMPLAINT FOR DAMAGES

**JURY TRIAL DEMANDED**

The Honorable Judge Stephen H. Baker
Dept. 3

Complaint First Filed: February 14, 2017
Trial Date:    January 17, 2018

23 |     COMES NOW UNITED INDUSTRIES CORPORATION/SPECTRUM GROUP

24 | ("UNITED INDUSTRIES")[1] answers Plaintiff's Complaint for Damages ("Complaint") as follows:

25 | _____

26 | [1] Plaintiff incorrectly names "SPECTRUM GROUP, DIVISION OF UNITED INDUSTRIES
CORPORATION" ("SPECTRUM GROUP") as a separate defendant. SPECTRUM GROUP is a

27 | trade name used by UNITED INDUSTRIES and is not a legal entity separate or distinct from
UNITED INDUSTRIES.

28 |                                         1

ANSWER OF UNITED INDUSTRIES CORPORATION/SPECTRUM GROUP (erroneously named herein as
UNITED INDUSTRIES CORPORATION and SPECTRUM GROUP, DIVISION OF UNITED INDUSTRIES
CORPORATION) TO PLAINTIFF DWAYNE HASKINS' COMPLAINT FOR DAMAGES

INDUSTRIES denies, generally and specifically, each and every allegation of the Plaintiff's Complaint for Damages directed to this Defendant.

## RIGHT OF REMOVAL PRESERVED

2.     UNITED INDUSTRIES does not waive through this Answer or by any other means its right to timely remove this civil action to Federal Court pursuant to 28 U.S.C. §§ 1332 and 1441.

## DEFENSES

UNITED INDUSTRIES sets forth below its defenses. Each defense is asserted, to the extent appropriate, as to all claims asserted against UNITED INDUSTRIES. By setting forth these defenses, UNITED INDUSTRIES does not assume any burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiff's allegations.

## FIRST DEFENSE

3.     UNITED INDUSTRIES alleges that the Complaint fails to state a claim against it upon which relief can be granted.

## SECOND DEFENSE

4.     Plaintiff's claims are barred, in whole or in part, by the Supremacy Clause, Article VI, Section 2, of the United States Constitution and the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. §136 et seq., the provisions of which UNITED INDUSTRIES has fully complied.

## THIRD DEFENSE

5.     UNITED INDUSTRIES alleges that if Plaintiff sustained any loss or damage as alleged in the Complaint, then such losses and damages were proximately caused and contributed to by persons, entities, or parties other than UNITED INDUSTRIES in failing to conduct themselves in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business.

## FOURTH DEFENSE

6.     While denying at all times that any product manufactured by UNITED INDUSTRIES caused or contributed to the injuries and damages alleged by Plaintiff, UNITED INDUSTRIES alleges that any injuries and damages were the result of intervening or superseding events, factors, occurrences, or conditions which were in no way caused by UNITED INDUSTRIES and for which UNITED INDUSTRIES is not liable.

## FIFTH DEFENSE

7.     UNITED INDUSTRIES alleges that Plaintiff's claims are barred, in whole or in part, by the doctrine of implied primary assumption of the risk.

## SIXTH DEFENSE

8.     UNITED INDUSTRIES alleges that Plaintiff is barred from recovery herein by reason of the misuse, abuse, modification, alteration, and/or failure to properly maintain the subject product.

## SEVENTH DEFENSE

9.     UNITED INDUSTRIES alleges that Plaintiff is barred from recovery herein by reason of the destruction of material evidence.

## EIGHTH DEFENSE

10.     UNITED INDUSTRIES alleges that recovery by Plaintiff is barred or reduced by reason of the provisions of section 877 of the Code of Civil Procedure.

## NINTH DEFENSE

11.     UNITED INDUSTRIES complied with all Federal and state statutes and/or administrative regulations existing at all times pertinent hereto and such compliance raises a rebuttable presumption that the subject product was not in a defective or unreasonably dangerous condition.

## TENTH DEFENSE

12.     UNITED INDUSTRIES alleges that Plaintiff is barred from recovery herein by reason of the fact that all warnings and instructions associated with the product at issue substantively

3

conformed to the generally recognized and prevailing industry standards.

## ELEVENTH DEFENSE

13.    UNITED INDUSTRIES alleges that each cause of action of the Complaint is barred by Section 335.1 of the Code of Civil Procedure and other applicable statutes of limitations.

## TWELFTH DEFENSE

14.    UNITED INDUSTRIES alleges that Plaintiff's alleged injuries or damages, if any, were the result of preexisting or subsequent conditions unrelated to UNITED INDUSTRIES' products.

## THIRTEENTH DEFENSE

15.    Plaintiff's claims are barred because the product allegedly manufactured and sold by UNITED INDUSTRIES is, and always has been, consistent with available technological, scientific, and/or industrial state-of-the-art and all applicable Federal and state laws and regulations.

## FOURTEENTH DEFENSE

16.    UNITED INDUSTRIES alleges that adequate and complete warnings and instructions were provided with the subject product, and the subject product was neither defective nor unreasonably dangerous when used according to label instructions.

## FIFTEENTH DEFENSE

17.    UNITED INDUSTRIES alleges that in the event that Plaintiff incurred any injuries or damages as alleged in the Complaint, which is specifically denied, then to the extent such injuries and damages may be attributable to any act or omission or exposure to or use of any product of UNITED INDUSTRIES, then such act, omission, or product use or exposure was and is *de minimis* such that the alleged act, omission, or product use or exposure was not a substantial factor or a proximate cause of Plaintiff's injuries and damages.

## SIXTEENTH DEFENSE

18.    UNITED INDUSTRIES alleges that Plaintiff's claims are barred or reduced because of Plaintiff's failure to mitigate damages.

//

4

ANSWER OF UNITED INDUSTRIES CORPORATION/SPECTRUM GROUP (erroneously named herein as UNITED INDUSTRIES CORPORATION and SPECTRUM GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION) TO PLAINTIFF DWAYNE HASKINS' COMPLAINT FOR DAMAGES

### SEVENTEENTH DEFENSE

19.     UNITED INDUSTRIES alleges that Plaintiff's claims are barred or reduced by the doctrine of avoidable consequences.

### EIGHTEENTH DEFENSE

20.     UNITED INDUSTRIES alleges that any recovery by Plaintiff must be reduced or offset by amounts Plaintiff has received or will receive from others for the same injuries claimed in this lawsuit.

### NINETEENTH DEFENSE

21.     UNITED INDUSTRIES alleges that Plaintiff's claims are barred because UNITED INDUSTRIES did not owe any legal duty to Plaintiff or, if UNITED INDUSTRIES did owe such a legal duty, it did not breach that duty.

### TWENTIETH DEFENSE

22.     UNITED INDUSTRIES alleges that there is no causal relationship between UNITED INDUSTRIES or its activities described in the Complaint and any injuries or damages allegedly sustained by Plaintiff.

### TWENTY-FIRST DEFENSE

23.     UNITED INDUSTRIES alleges that any risks associated with use of the product which is the subject matter of this action are not beyond those expected by the ordinary consumer when used in an intended or reasonably foreseeable manner.

### TWENTY-SECOND DEFENSE

24.     UNITED INDUSTRIES alleges that the public interest and benefit in the availability of the product, which is the subject matter of this action, precludes liability for any risks resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken.

### TWENTY-THIRD DEFENSE

25.     UNITED INDUSTRIES alleges that Plaintiff and/or persons other than this answering defendant were at fault for the injuries and damages alleged, if any, suffered by Plaintiff.

5

If this answering defendant is found liable to Plaintiff, defendant's liability for subjective, nonmonetary, non-economic losses is several, not joint, and pursuant to Civil Code Section 1431.2, this answering defendant is not liable for the non-economic damages caused by the fault of other persons, firms, corporations, or entities whether such others are parties to this action or not.

### TWENTY-FOURTH DEFENSE

26.     UNITED INDUSTRIES alleges that the amount of damages for which this answering defendant is liable, if any, is limited to the extent that Plaintiff's injuries, if any, were enhanced by an act, omission or instrumentality of a party other than this answering defendant or by a product manufactured or altered by a party other than this answering defendant.

### TWENTY-FIFTH DEFENSE

27.     UNITED INDUSTRIES alleges that the alleged accident, injuries, and damages, if any, were proximately caused by Plaintiff's own voluntary assumption of the risk of a known danger, if any, that may have existed at the time of the subject accident.

### TWENTY-SIXTH DEFENSE

28.     UNITED INDUSTRIES alleges that Plaintiff has failed to join necessary and indispensable parties to this action.

### TWENTY-SEVENTH DEFENSE

29.     Plaintiff's claim for punitive or exemplary damages cannot be sustained because an award of punitive or exemplary damages under California law would violate UNITED INDUSTRIES' procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution and UNITED INDUSTRIES' due process and equal protection rights under Article 1, Section 7, of the California Constitution, and would be improper under the common law and public policies of the United States and State of California.

### TWENTY-EIGHTH DEFENSE

30.     The imposition of punitive or exemplary damages simply for selling a legal product is inappropriate.  The imposition of punitive or exemplary damages under such circumstances would

6

1   violate UNITED INDUSTRIES' procedural and substantive due process rights and equal protection

2   rights under the Fifth and Fourteenth Amendments to the United States Constitution as well as

3   UNITED INDUSTRIES' due process and equal protection rights under Article 1, Section 7, of the

4   California Constitution, and would be improper under the common law and public policies of the

5   United States and the State of California.

6                            **TWENTY-NINTH DEFENSE**

7        31.    Punitive or exemplary damages are inappropriate to the extent that they would serve

8   no legitimate deterrent or retributive purpose.  The imposition of punitive or exemplary damages

9   under such circumstances would violate UNITED INDUSTRIES' procedural and substantive due

10  process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United

11  States Constitution, as well as UNITED INDUSTRIES' due process and equal protection rights

12  under Article 1, Section 7, of the California Constitution, and would be improper under the common

13  law and public policies of the United States and State of California.

14                              **THIRTIETH DEFENSE**

15       32.    Consideration of due process, comity, and state sovereignty bar any attempts to

16  punish and deter conduct with no direct nexus to the specific harm suffered by Plaintiff.  UNITED

17  INDUSTRIES' dissimilar acts, independent from the acts upon which liability is premised, may not

18  serve as the basis for punitive or exemplary damages.  Imposition of punitive or exemplary damages

19  under such circumstances would violate UNITED INDUSTRIES' procedural and substantive due

20  process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United

21  States Constitution, as well as UNITED INDUSTRIES' due process and equal protection rights

22  under Article 1, Section 7, of the California Constitution, and would be improper under the common

23  law and public policies of the United States and State of California.

24                            **THIRTY-FIRST DEFENSE**

25       33.    Considerations of due process, comity, and state sovereignty bar any attempts to

26  punish UNITED INDUSTRIES for conduct having no impact in the State of California and/or which

27  may have been lawful where it occurred.  Imposition of punitive or exemplary damages under such

28                                           7

---

**ANSWER OF UNITED INDUSTRIES CORPORATION/SPECTRUM GROUP (erroneously named herein as UNITED INDUSTRIES CORPORATION and SPECTRUM GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION) TO PLAINTIFF DWAYNE HASKINS' COMPLAINT FOR DAMAGES**

circumstances would violate UNITED INDUSTRIES' procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution as well as UNITED INDUSTRIES' due process and equal protection right under Article 1, Section 7, of the California Constitution, and would be improper under the common law and public policies of the United States and State of California.

### THIRTY-SECOND DEFENSE

34.     No punishment may be imposed for conduct that cannot form the basis for an underlying claim for liability; including, but not limited to, conduct that occurred outside the applicable statutes of limitations and repose.  Imposition of punitive or exemplary damages under such circumstances would violate UNITED INDUSTRIES' procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution as well as UNITED INDUSTRIES' due process and equal protection rights under Article 1, Section 7, of the California Constitution, and would be improper under the common law and public policies of the United States and State of California.

### THIRTY-THIRD DEFENSE

35.     Plaintiff's claim for punitive or exemplary damages cannot be sustained because California law does not provide constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive or exemplary damages award.  Imposition of punitive or exemplary damages under such circumstances would violate UNITED INDUSTRIES' procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution, as well as UNITED INDUSTRIES' due process and equal protection rights under Article 1, Section 7, of the California Constitution, and would be improper under the common law and public policies of the United States and State of California.

### THIRTY-FOURTH DEFENSE

36.     Plaintiff's claim for punitive or exemplary damages cannot be sustained because California law does not provide constitutionally adequate instructions to the jury on the limits of, and

8

standards for, determining the amount of punitive or exemplary damages to be imposed given the applicable principles of deterrence and punishment. Imposition of punitive or exemplary damages under such circumstance would violate UNITED INDUSTRIES' procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments of the United States Constitution, as well as UNITED INDUSTRIES' due process and equal protection rights under Article 1, Section 7, of the California Constitution, and would be improper under the common law and public policies of the United States and State of California.

## THIRTY-FIFTH DEFENSE

37.     Plaintiff's claim for punitive or exemplary damages cannot be sustained to the extent California law allows punitive or exemplary damages to be awarded, or the amount of an award of punitive or exemplary damages to be based, in whole or in part, on the basis of invidiously discriminatory characteristics, including but not limited to the residence, wealth, and corporate status of UNITED INDUSTRIES. Imposition of punitive or exemplary damages under such circumstances would violate UNITED INDUSTRIES' procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution, as well as UNITED INDUSTRIES' due process and equal protection rights under Article 1, Section 7, of the California Constitution, and would be improper under the common law and public policies of the United States and State of California.

## THIRTY-SIXTH DEFENSE

38.     Plaintiff's claim for punitive or exemplary damages cannot be sustained because California law does not provide UNITED INDUSTRIES with adequate notice of the conduct or mental state that might make it subject to a possible punitive or exemplary damages award, or the amount of such an award. Imposition of punitive or exemplary damages under such circumstances would violate UNITED INDUSTRIES procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution, as well as UNITED INDUSTRIES' due process and equal protection rights under Article 1, Section 7, of the California Constitution, and would be improper under the common law and public policies of

9

the United States and State of California.

## THIRTY-SEVENTH DEFENSE

39.     Plaintiff's claim for punitive or exemplary damages cannot be sustained because California law does not subject the jury's punitive or exemplary damages verdict to proper trial court and appellate judicial review for reasonableness, excessiveness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards.  Imposition of punitive or exemplary damages under such circumstances would violate UNITED INDUSTRIES' procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution as well as UNITED INDUSTRIES' due process and equal protection rights under Article 1, Section 7, of the California Constitution, and would be improper under the common law and public policies of the United States and State of California.

## THIRTY-EIGHTH DEFENSE

40.     Plaintiff's claim for punitive or exemplary damages cannot be sustained to the extent it seeks to punish UNITED INDUSTRIES for alleged harm to non-parties.  Imposition of punitive or exemplary damages under such circumstances would violate UNITED INDUSTRIES procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution as well as UNITED INDUSTRIES' due process and equal protection rights under Article 1, Section 7, of the California Constitution, and would be improper under the common law and public policies of the United States and the State of California.

## THIRTY-NINTH DEFENSE

41.     UNITED INDUSTRIES alleges that if Plaintiff sustained loss or damage as alleged, or in any other degree, manner or amount, then such losses and damages were proximately caused by the negligence of Plaintiff himself, in the use of the products involved, and in the care and conduct of his person, and in the conduct of his affairs, at the times and places mentioned in the Complaint, thereby barring or reducing any recovery by Plaintiff herein.

## FORTIETH DEFENSE

42.     To the extent Plaintiff's claims are not expressly preempted by Federal law, those

10

claims are impliedly preempted by the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. §136 *et seq.*, the regulations and regulatory action taken thereunder by the Environmental Protection Agency, and the Supremacy Clause, Article VI, Section 2, of the United States Constitution.

### FORTY-FIRST DEFENSE

43.     Plaintiff's claims are barred because the injuries for which recovery is sought were allegedly caused by a characteristic of a product allegedly manufactured and sold by UNITED INDUSTRIES which cannot be eliminated without substantially compromising the product's usefulness or desirability and which is recognized by the ordinary person with ordinary knowledge common to the community.

### FORTY-SECOND DEFENSE

44.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has not identified an alternative design for the product at issue that was scientifically, technologically, or economically feasible, and which would have prevented or avoided Plaintiff's alleged injuries if adopted by UNITED INDUSTRIES.

### FORTY-THIRD DEFENSE

45.     Any award of punitive or exemplary damages under a process that fails to bifurcate the issue of punitive or exemplary damages from the remaining issues violates UNITED INDUSTRIES' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and concomitant provisions of the California Constitution.

### FORTY-FOURTH DEFENSE

46.     Any award of punitive or exemplary damages that is disproportionate to the amount of actual damages, that does not bear a reasonable relationship to actual damages, and that does not correlate to the actual cause of any injury violates UNITED INDUSTRIES' rights under the Due Process clause of the Fourteenth Amendment to the United States Constitution and concomitant provisions of the California Constitution

//
//

11

ANSWER OF UNITED INDUSTRIES CORPORATION/SPECTRUM GROUP (erroneously named herein as UNITED INDUSTRIES CORPORATION and SPECTRUM GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION) TO PLAINTIFF DWAYNE HASKINS' COMPLAINT FOR DAMAGES

### FORTY-FIFTH DEFENSE

47.    Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to his "costs of suit", including attorney's fees or costs, under California law.

### FORTY-SIXTH DEFENSE

48.    Plaintiff's claims are barred to the extent that they are based upon conduct unrelated to Plaintiff's alleged harm.

### FORTY-SEVENTH DEFENSE

49.    Plaintiff's claims are barred by the doctrine of laches.

### FORTY-EIGHTH DEFENSE

50.    Plaintiff's claims are barred by the doctrine of estoppel.

### FORTY NINTH DEFENSE

51.    UNITED INDUSTRIES hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery in this case or otherwise, and hereby reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, UNITED INDUSTRIES prays that Plaintiff take nothing by way of his Complaint For Damages, that judgment be entered in its favor, and that it be awarded its costs of suit together with such other and further relief as the court deems just and proper.

DATED: March 24, 2017                    **DONAHUE • DAVIES LLP**


                                   By:    _____
                                          Robert E. Davies
                                          Mary A. Stewart
                                          Gregory A. Nelson
                                          Attorneys for Defendants
                                          **UNITED INDUSTRIES
                                          CORPORATION/SPECTRUM GROUP
                                          (erroneously named herein as UNITED
                                          INDUSTRIES CORPORATION and
                                          SPECTRUM GROUP, DIVISION OF
                                          UNITED INDUSTRIES CORPORATION)**

ANSWER OF UNITED INDUSTRIES CORPORATION/SPECTRUM GROUP (erroneously named herein as UNITED INDUSTRIES CORPORATION and SPECTRUM GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION) TO PLAINTIFF DWAYNE HASKINS' COMPLAINT FOR DAMAGES

<div align="center">

**PROOF OF SERVICE**

</div>

**CAPTION:    HASKINS V. UNITED INDUSTRIES CORP., ET AL.**
**COURT:      SUPERIOR**
**COUNTY:     SHASTA**
**CASE NO:    186771**

I am a citizen of the United States, over 18 years of age, employed in Sacramento County, and not a party to the within action; my business address is 1 Natoma Street, Folsom, California, 95630.

On **March 27, 2017,** I served, in the manner indicated below, the foregoing document described as:

**ANSWER OF UNITED INDUSTRIES CORPORATION/SPECTRUM GROUP (erroneously named herein as UNITED INDUSTRIES CORPORATION and SPECTRUM GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION) TO PLAINTIFF DWAYNE HASKINS' COMPLAINT FOR DAMAGES**

to the parties in this action by placing true copies thereof, enclosed in sealed envelopes, addressed as follows:

| | |
|---|---|
| **Plaintiff's Counsel:**<br>Russell Reiner, Esq.<br>Todd E. Slaughter, Esq.<br>April K. Stratte, Esq.<br>Kathryn C. Llaurado, Esq.<br>REINER SLAUGHTER & McCARTNEY, LLP<br>2851 Park Marina Drive, Suite 200<br>Redding, CA 96049-4940<br>Tel: (530) 241-1905<br>Fax: (530) 241-0622<br>Email: rreiner@norcallaw.com<br>Email: tslaughter@norcallaw.com<br>Email: astratte@norcallaw.com<br>Email: Kllaurado@norcallaw.com | |

__XX__   **BY REGULAR MAIL:**  I caused such envelopes to be deposited in the United States Mail at Folsom, California, with postage thereon fully prepaid.  I am readily familiar with the firm's practice of collection and processing documents for mailing.  It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to.

_____ **BY FEDERAL EXPRESS:**  I caused such envelopes to be delivered by air courier, with next day service.

_____ **BY FACSIMILE:**  The facsimile machine I used complied with California Rules of Court, rule 2003 and no error was reported by the machine.  Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this affidavit.

_____ **BY PERSONAL SERVICE:**  I caused such envelopes to be delivered by hand to the offices of the addressees.

<div align="center">

13

ANSWER OF UNITED INDUSTRIES CORPORATION/SPECTRUM GROUP (erroneously named herein as UNITED INDUSTRIES CORPORATION and SPECTRUM GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION) TO PLAINTIFF DWAYNE HASKINS' COMPLAINT FOR DAMAGES

</div>

1    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true
2    and correct, and that this declaration was executed on **March 27, 2017**, at Folsom, California.

3                                                                      Erin Sanchez

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

14

**ANSWER OF UNITED INDUSTRIES CORPORATION/SPECTRUM GROUP (erroneously named herein as UNITED INDUSTRIES CORPORATION and SPECTRUM GROUP, DIVISION OF UNITED INDUSTRIES CORPORATION) TO PLAINTIFF DWAYNE HASKINS' COMPLAINT FOR DAMAGES**

**EXHIBIT H**

FILED

MAR 27 2017

CLERK OF THE SUPERIOR COURT
BY: N. BLEVINS, DEPUTY CLERK

1   ROBERT E. DAVIES, ESQ. / SBN 106810
    MARY A. STEWART, ESQ. / SBN 106758
2   GREGORY A. NELSON, ESQ. / SBN 274926
    DONAHUE · DAVIES LLP
3   P.O. BOX 277010
    Sacramento, CA  95827
4   Telephone: (916) 817-2900
    Facsimile:  (916) 817-2644
5
    Attorneys for Defendant,
6   SPECTRUM BRANDS, INC.

7

8                   SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF SHASTA

10                             -o0o-

11  DWAYNE HASKINS,                     Case No. 186771

12              Plaintiff,
                                        ANSWER OF DEFENDANT SPECTRUM
13          v.                          BRANDS, INC. TO PLAINTIFF DWAYNE
                                        HASKINS' COMPLAINT FOR DAMAGES
14  UNITED INDUSTRIES CORPORATION;
    SPECTRUM GROUP, DIVISION OF
15       UNITED INDUSTRIES             JURY TRIAL DEMANDED
         CORPORATION;
16  SPECTRUM BRANDS, INC.;              The Honorable Judge Stephen H. Baker
    THE HOME DEPOT; and                 Dept. 3
17  DOES 1 through 100, inclusive,
                                        Complaint First Filed:  February 14, 2017
18              Defendants.             Trial Date:      January 17, 2018

19

20          SPECTRUM BRANDS, INC. ("SPECTRUM BRANDS") answers Plaintiff's Complaint for

21  Damages ("Complaint") as follows:

22          1.      Under the provisions of Code of Civil Procedure section 431.30, SPECTRUM

23  BRANDS denies, generally and specifically, each and every allegation of the Plaintiff's Complaint

24  for Damages directed to this Defendant.

25                       RIGHT OF REMOVAL PRESERVED

26          2.      SPECTRUM BRANDS does not waive through this Answer or by any other means

27  its right to timely remove this civil action to Federal Court pursuant to 28 U.S.C. §§ 1332 and 1441.

28  //

                                         1
    ANSWER OF DEFENDANT SPECTRUM BRANDS, INC. TO PLAINTIFF DWAYNE HASKINS'
                       COMPLAINT FOR DAMAGES

**DEFENSES**

SPECTRUM BRANDS sets forth below its defenses. Each defense is asserted, to the extent appropriate, as to all claims asserted against SPECTRUM BRANDS. By setting forth these defenses, SPECTRUM BRANDS does not assume any burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiff's allegations.

**FIRST DEFENSE**

3.      SPECTRUM BRANDS alleges that the Complaint fails to state a claim against it upon which relief can be granted.

**SECOND DEFENSE**

4.      Plaintiff's claims are barred, in whole or in part, by the Supremacy Clause, Article VI, Section 2, of the United States Constitution and the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. §136 et seq., the provisions of which SPECTRUM BRANDS has fully complied.

**THIRD DEFENSE**

5.      SPECTRUM BRANDS alleges that if Plaintiff sustained any loss or damage as alleged in the Complaint, then such losses and damages were proximately caused and contributed to by persons, entities, or parties other than SPECTRUM BRANDS in failing to conduct themselves in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business.

**FOURTH DEFENSE**

6.      While denying at all times that any product manufactured by SPECTRUM BRANDS caused or contributed to the injuries and damages alleged by Plaintiff, SPECTRUM BRANDS alleges that any injuries and damages were the result of intervening or superseding events, factors, occurrences, or conditions which were in no way caused by SPECTRUM BRANDS and for which SPECTRUM BRANDS is not liable.

2

**ANSWER OF DEFENDANT SPECTRUM BRANDS, INC. TO PLAINTIFF DWAYNE HASKINS' COMPLAINT FOR DAMAGES**

### FIFTH DEFENSE

7.     SPECTRUM BRANDS alleges that Plaintiff's claims are barred, in whole or in part, by the doctrine of implied primary assumption of the risk.

### SIXTH DEFENSE

8.     SPECTRUM BRANDS alleges that Plaintiff is barred from recovery herein by reason of the misuse, abuse, modification, alteration, and/or failure to properly maintain the subject product.

### SEVENTH DEFENSE

9.     SPECTRUM BRANDS alleges that Plaintiff is barred from recovery herein by reason of the destruction of material evidence.

### EIGHTH DEFENSE

10.     SPECTRUM BRANDS alleges that recovery by Plaintiff is barred or reduced by reason of the provisions of section 877 of the Code of Civil Procedure.

### NINTH DEFENSE

11.     SPECTRUM BRANDS complied with all Federal and state statutes and/or administrative regulations existing at all times pertinent hereto and such compliance raises a rebuttable presumption that the subject product was not in a defective or unreasonably dangerous condition.

### TENTH DEFENSE

12.     SPECTRUM BRANDS alleges that Plaintiff is barred from recovery herein by reason of the fact that all warnings and instructions associated with the product at issue substantively conformed to the generally recognized and prevailing industry standards.

### ELEVENTH DEFENSE

13.     SPECTRUM BRANDS alleges that each cause of action of the Complaint is barred by Section 335.1 of the Code of Civil Procedure and other applicable statutes of limitations.

### TWELFTH DEFENSE

14.     SPECTRUM BRANDS alleges that Plaintiff's alleged injuries or damages, if any, were the result of preexisting or subsequent conditions unrelated to SPECTRUM BRANDS'

ANSWER OF DEFENDANT SPECTRUM BRANDS, INC. TO PLAINTIFF DWAYNE HASKINS'
COMPLAINT FOR DAMAGES

1   products.

2   ### THIRTEENTH DEFENSE

3   15.    Plaintiff's claims are barred because the product allegedly manufactured and sold by

4   SPECTRUM BRANDS is, and always has been, consistent with available technological, scientific,

5   and/or industrial state-of-the-art and all applicable Federal and state laws and regulations.

6   ### FOURTEENTH DEFENSE

7   16.    SPECTRUM BRANDS alleges that adequate and complete warnings and instructions

8   were provided with the subject product, and the subject product was neither defective nor

9   unreasonably dangerous when used according to label instructions.

10  ### FIFTEENTH DEFENSE

11  17.    SPECTRUM BRANDS alleges that in the event that Plaintiff incurred any injuries or

12  damages as alleged in the Complaint, which is specifically denied, then to the extent such injuries

13  and damages may be attributable to any act or omission or exposure to or use of any product of

14  SPECTRUM BRANDS, then such act, omission, or product use or exposure was and is *de minimis*

15  such that the alleged act, omission, or product use or exposure was not a substantial factor or a

16  proximate cause of Plaintiff's injuries and damages.

17  ### SIXTEENTH DEFENSE

18  18.    SPECTRUM BRANDS alleges that Plaintiff's claims are barred or reduced because

19  of Plaintiff's failure to mitigate damages.

20  ### SEVENTEENTH DEFENSE

21  19.    SPECTRUM BRANDS alleges that Plaintiff's claims are barred or reduced by the

22  doctrine of avoidable consequences.

23  ### EIGHTEENTH DEFENSE

24  20.    SPECTRUM BRANDS alleges that any recovery by Plaintiff must be reduced or

25  offset by amounts Plaintiff has received or will receive from others for the same injuries claimed in

26  this lawsuit.

27  ///

28

4

1

### NINETEENTH DEFENSE

2      21.    SPECTRUM BRANDS alleges that Plaintiff's claims are barred because

3 SPECTRUM BRANDS did not owe any legal duty to Plaintiff or, if SPECTRUM BRANDS did

4 owe such a legal duty, it did not breach that duty.

5

### TWENTIETH DEFENSE

6      22.    SPECTRUM BRANDS alleges that there is no causal relationship between

7 SPECTRUM BRANDS or its activities described in the Complaint and any injuries or damages

8 allegedly sustained by Plaintiff.

9

### TWENTY-FIRST DEFENSE

10      23.    SPECTRUM BRANDS alleges that any risks associated with use of the product

11 which is the subject matter of this action are not beyond those expected by the ordinary consumer

12 when used in an intended or reasonably foreseeable manner.

13

### TWENTY-SECOND DEFENSE

14      24.    SPECTRUM BRANDS alleges that the public interest and benefit in the availability

15 of the product, which is the subject matter of this action, precludes liability for any risks resulting

16 from such activities, which were unavoidable given the state of human knowledge at the time those

17 activities were undertaken.

18

### TWENTY-THIRD DEFENSE

19      25.    SPECTRUM BRANDS alleges that Plaintiff and/or persons other than this answering

20 defendant were at fault for the injuries and damages alleged, if any, suffered by Plaintiff. If this

21 answering defendant is found liable to Plaintiff, defendant's liability for subjective, nonmonetary,

22 non-economic losses is several, not joint, and pursuant to Civil Code Section 1431.2, this answering

23 defendant is not liable for the non-economic damages caused by the fault of other persons, firms,

24 corporations, or entities whether such others are parties to this action or not.

25

### TWENTY-FOURTH DEFENSE

26      26.    SPECTRUM BRANDS alleges that the amount of damages for which this answering

27 defendant is liable, if any, is limited to the extent that Plaintiff's injuries, if any, were enhanced by

28

**5**

1    an act, omission or instrumentality of a party other than this answering defendant or by a product

2    manufactured or altered by a party other than this answering defendant.

### TWENTY-FIFTH DEFENSE

4         27.    SPECTRUM BRANDS alleges that the alleged accident, injuries, and damages, if

5    any, were proximately caused by Plaintiff's own voluntary assumption of the risk of a known

6    danger, if any, that may have existed at the time of the subject accident.

### TWENTY-SIXTH DEFENSE

8         28.    SPECTRUM BRANDS alleges that Plaintiff has failed to join necessary and

9    indispensable parties to this action.

### TWENTY-SEVENTH DEFENSE

11        29.    Plaintiff's claim for punitive or exemplary damages cannot be sustained because an

12   award of punitive or exemplary damages under California law would violate SPECTRUM

13   BRANDS' procedural and substantive due process rights and equal protection rights under the Fifth

14   and Fourteenth Amendments to the United States Constitution and SPECTRUM BRANDS' due

15   process and equal protection rights under Article 1, Section 7, of the California Constitution, and

16   would be improper under the common law and public policies of the United States and State of

17   California.

### TWENTY-EIGHTH DEFENSE

19        30.    The imposition of punitive or exemplary damages simply for selling a legal product is

20   inappropriate.  The imposition of punitive or exemplary damages under such circumstances would

21   violate SPECTRUM BRANDS' procedural and substantive due process rights and equal protection

22   rights under the Fifth and Fourteenth Amendments to the United States Constitution as well as

23   SPECTRUM BRANDS' due process and equal protection rights under Article 1, Section 7, of the

24   California Constitution, and would be improper under the common law and public policies of the

25   United States and the State of California.

### TWENTY-NINTH DEFENSE

27        31.    Punitive or exemplary damages are inappropriate to the extent that they would serve

28

6

**ANSWER OF DEFENDANT SPECTRUM BRANDS, INC. TO PLAINTIFF DWAYNE HASKINS'
COMPLAINT FOR DAMAGES**

1   no legitimate deterrent or retributive purpose.  The imposition of punitive or exemplary damages

2   under such circumstances would violate SPECTRUM BRANDS' procedural and substantive due

3   process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United

4   States Constitution, as well as SPECTRUM BRANDS' due process and equal protection rights

5   under Article 1, Section 7, of the California Constitution, and would be improper under the common

6   law and public policies of the United States and State of California.

7                                     **THIRTIETH DEFENSE**

8           32.     Consideration of due process, comity, and state sovereignty bar any attempts to

9   punish and deter conduct with no direct nexus to the specific harm suffered by Plaintiff.

10   SPECTRUM BRANDS' dissimilar acts, independent from the acts upon which liability is premised,

11   may not serve as the basis for punitive or exemplary damages.  Imposition of punitive or exemplary

12   damages under such circumstances would violate SPECTRUM BRANDS' procedural and

13   substantive due process rights and equal protection rights under the Fifth and Fourteenth

14   Amendments to the United States Constitution, as well as SPECTRUM BRANDS' due process and

15   equal protection rights under Article 1, Section 7, of the California Constitution, and would be

16   improper under the common law and public policies of the United States and State of California.

17                                   **THIRTY-FIRST DEFENSE**

18           33.     Considerations of due process, comity, and state sovereignty bar any attempts to

19   punish SPECTRUM BRANDS for conduct having no impact in the State of California and/or which

20   may have been lawful where it occurred.  Imposition of punitive or exemplary damages under such

21   circumstances would violate SPECTRUM BRANDS' procedural and substantive due process rights

22   and equal protection rights under the Fifth and Fourteenth Amendments to the United States

23   Constitution as well as SPECTRUM BRANDS' due process and equal protection right under Article

24   1, Section 7, of the California Constitution, and would be improper under the common law and

25   public policies of the United States and State of California.

26                               **THIRTY-SECOND DEFENSE**

27           34.     No punishment may be imposed for conduct that cannot form the basis for an

28

7

**ANSWER OF DEFENDANT SPECTRUM BRANDS, INC. TO PLAINTIFF DWAYNE HASKINS'**
**COMPLAINT FOR DAMAGES**

1   underlying claim for liability; including, but not limited to, conduct that occurred outside the

2   applicable statutes of limitations and repose.  Imposition of punitive or exemplary damages under

3   such circumstances would violate SPECTRUM BRANDS' procedural and substantive due process

4   rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States

5   Constitution as well as SPECTRUM BRANDS' due process and equal protection rights under

6   Article 1, Section 7, of the California Constitution, and would be improper under the common law

7   and public policies of the United States and State of California.

8                                   **THIRTY-THIRD DEFENSE**

9          35.    Plaintiff's claim for punitive or exemplary damages cannot be sustained because

10  California law does not provide constitutionally adequate standards of sufficient clarity for

11  determining the appropriate imposition of, and the appropriate size of, a punitive or exemplary

12  damages award.  Imposition of punitive or exemplary damages under such circumstances would

13  violate SPECTRUM BRANDS' procedural and substantive due process rights and equal protection

14  rights under the Fifth and Fourteenth Amendments to the United States Constitution, as well as

15  SPECTRUM BRANDS' due process and equal protection rights under Article 1, Section 7, of the

16  California Constitution, and would be improper under the common law and public policies of the

17  United States and State of California.

18                                 **THIRTY-FOURTH DEFENSE**

19         36.    Plaintiff's claim for punitive or exemplary damages cannot be sustained because

20  California law does not provide constitutionally adequate instructions to the jury on the limits of, and

21  standards for, determining the amount of punitive or exemplary damages to be imposed given the

22  applicable principles of deterrence and punishment.  Imposition of punitive or exemplary damages

23  under such circumstance would violate SPECTRUM BRANDS' procedural and substantive due

24  process rights and equal protection rights under the Fifth and Fourteenth Amendments of the United

25  States Constitution, as well as SPECTRUM BRANDS' due process and equal protection rights

26  under Article 1, Section 7, of the California Constitution, and would be improper under the common

27  law and public policies of the United States and State of California.

28

**ANSWER OF DEFENDANT SPECTRUM BRANDS, INC. TO PLAINTIFF DWAYNE HASKINS'
COMPLAINT FOR DAMAGES**

1

**THIRTY-FIFTH DEFENSE**

2    37.    Plaintiff's claim for punitive or exemplary damages cannot be sustained to the extent

3  California law allows punitive or exemplary damages to be awarded, or the amount of an award of

4  punitive or exemplary damages to be based, in whole or in part, on the basis of invidiously

5  discriminatory characteristics, including but not limited to the residence, wealth, and corporate status

6  of SPECTRUM BRANDS.  Imposition of punitive or exemplary damages under such circumstances

7  would violate SPECTRUM BRANDS' procedural and substantive due process rights and equal

8  protection rights under the Fifth and Fourteenth Amendments to the United States Constitution, as

9  well as SPECTRUM BRANDS' due process and equal protection rights under Article 1, Section 7,

10  of the California Constitution, and would be improper under the common law and public policies of

11  the United States and State of California.

12

**THIRTY-SIXTH DEFENSE**

13    38.    Plaintiff's claim for punitive or exemplary damages cannot be sustained because

14  California law does not provide SPECTRUM BRANDS with adequate notice of the conduct or

15  mental state that might make it subject to a possible punitive or exemplary damages award, or the

16  amount of such an award.  Imposition of punitive or exemplary damages under such circumstances

17  would violate SPECTRUM BRANDS procedural and substantive due process rights and equal

18  protection rights under the Fifth and Fourteenth Amendments to the United States Constitution, as

19  well as SPECTRUM BRANDS' due process and equal protection rights under Article 1, Section 7,

20  of the California Constitution, and would be improper under the common law and public policies of

21  the United States and State of California.

22

**THIRTY-SEVENTH DEFENSE**

23    39.    Plaintiff's claim for punitive or exemplary damages cannot be sustained because

24  California law does not subject the jury's punitive or exemplary damages verdict to proper trial court

25  and appellate judicial review for reasonableness, excessiveness and furtherance of legitimate

26  purposes on the basis of constitutionally adequate and objective standards.  Imposition of punitive or

27  exemplary damages under such circumstances would violate SPECTRUM BRANDS' procedural

28

9

1  and substantive due process rights and equal protection rights under the Fifth and Fourteenth
2  Amendments to the United States Constitution as well as SPECTRUM BRANDS' due process and
3  equal protection rights under Article 1, Section 7, of the California Constitution, and would be
4  improper under the common law and public policies of the United States and State of California.

5  **THIRTY-EIGHTH DEFENSE**

6  40.    Plaintiff's claim for punitive or exemplary damages cannot be sustained to the extent
7  it seeks to punish SPECTRUM BRANDS for alleged harm to non-parties.  Imposition of punitive or
8  exemplary damages under such circumstances would violate SPECTRUM BRANDS procedural and
9  substantive due process rights and equal protection rights under the Fifth and Fourteenth
10  Amendments to the United States Constitution as well as SPECTRUM BRANDS' due process and
11  equal protection rights under Article 1, Section 7, of the California Constitution, and would be
12  improper under the common law and public policies of the United States and the State of California.

13  **THIRTY-NINTH DEFENSE**

14  41.    SPECTRUM BRANDS alleges that if Plaintiff sustained loss or damage as alleged,
15  or in any other degree, manner or amount, then such losses and damages were proximately caused by
16  the negligence of Plaintiff himself, in the use of the products involved, and in the care and conduct
17  of his person, and in the conduct of his affairs, at the times and places mentioned in the Complaint,
18  thereby barring or reducing any recovery by Plaintiff herein.

19  **FORTIETH DEFENSE**

20  42.    To the extent Plaintiff's claims are not expressly preempted by Federal law, those
21  claims are impliedly preempted by the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C.
22  §136 *et seq*., the regulations and regulatory action taken thereunder by the Environmental Protection
23  Agency, and the Supremacy Clause, Article VI, Section 2, of the United States Constitution.

24  **FORTY-FIRST DEFENSE**

25  43.    Plaintiff's claims are barred because the injuries for which recovery is sought were
26  allegedly caused by a characteristic of a product allegedly manufactured and sold by SPECTRUM
27  BRANDS which cannot be eliminated without substantially compromising the product's usefulness

28

1  or desirability and which is recognized by the ordinary person with ordinary knowledge common to

2  the community.

3  <center>**FORTY-SECOND DEFENSE**</center>

4  44.  Plaintiff's claims are barred, in whole or in part, because Plaintiff has not identified

5  an alternative design for the product at issue that was scientifically, technologically, or economically

6  feasible, and which would have prevented or avoided Plaintiff's alleged injuries if adopted by

7  SPECTRUM BRANDS.

8  <center>**FORTY-THIRD DEFENSE**</center>

9  45.  Any award of punitive or exemplary damages under a process that fails to bifurcate

10  the issue of punitive or exemplary damages from the remaining issues violates SPECTRUM

11  BRANDS' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United

12  States Constitution and concomitant provisions of the California Constitution.

13  <center>**FORTY-FOURTH DEFENSE**</center>

14  46.  Any award of punitive or exemplary damages that is disproportionate to the amount

15  of actual damages, that does not bear a reasonable relationship to actual damages, and that does not

16  correlate to the actual cause of any injury violates SPECTRUM BRANDS' rights under the Due

17  Process clause of the Fourteenth Amendment to the United States Constitution and concomitant

18  provisions of the California Constitution

19  <center>**FORTY-FIFTH DEFENSE**</center>

20  47.  Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to his "costs of

21  suit", including attorney's fees or costs, under California law.

22  <center>**FORTY-SIXTH DEFENSE**</center>

23  48.  Plaintiff's claims are barred to the extent that they are based upon conduct unrelated

24  to Plaintiff's alleged harm.

25  <center>**FORTY-SEVENTH DEFENSE**</center>

26  49.  Plaintiff's claims are barred by the doctrine of laches.

27  ///

28  <center>11</center>

1

**FORTY-EIGHTH DEFENSE**

2       50.     Plaintiff's claims are barred by the doctrine of estoppel.

3

**FORTY-NINTH DEFENSE**

4       50.     Plaintiff's claims are barred because SPECTRUM BRANDS did not design,

5   manufacture, or sell the product at issue.

6

**FIFTIETH DEFENSE**

7       51.     SPECTRUM BRANDS hereby gives notice that it intends to rely upon such other

8   defenses as may become available or appear during discovery in this case or otherwise, and hereby

9   reserves the right to amend this Answer to assert any such defenses.

10      WHEREFORE, SPECTRUM BRANDS prays that Plaintiff take nothing by way of his

11  Complaint For Damages, that judgment be entered in its favor, and that it be awarded its costs of suit

12  together with such other and further relief as the court deems just and proper.

13

14  DATED: March 24, 2017                    **DONAHUE • DAVIES LLP**

15

16                                    By:_____

17                                          Robert E. Davies
                                            Mary A. Stewart
18                                          Gregory A. Nelson
                                            Attorneys for Defendant,
19                                          **SPECTRUM BRANDS, INC.**

20

21

22

23

24

25

26

27

28

**ANSWER OF DEFENDANT SPECTRUM BRANDS, INC. TO PLAINTIFF DWAYNE HASKINS'
COMPLAINT FOR DAMAGES**

## PROOF OF SERVICE

CAPTION:     HASKINS V. UNITED INDUSTRIES CORP., ET AL.
COURT:       SUPERIOR
COUNTY:      SHASTA
CASE NO:     186771

I am a citizen of the United States, over 18 years of age, employed in Sacramento County, and not a party to the within action; my business address is 1 Natoma Street, Folsom, California, 95630.

On **March 27, 2017,** I served, in the manner indicated below, the foregoing document described as:

**ANSWER OF DEFENDANT SPECTRUM BRANDS, INC. TO PLAINTIFF DWAYNE HASKINS' COMPLAINT FOR DAMAGES** to the parties in this action by placing true copies thereof, enclosed in sealed envelopes, addressed as follows:

| **Plaintiff's Counsel:** | |
|---|---|
| Russell Reiner, Esq. | |
| Todd E. Slaughter, Esq. | |
| April K. Stratte, Esq. | |
| Kathryn C. Llaurado, Esq. | |
| REINER SLAUGHTER & McCARTNEY, LLP | |
| 2851 Park Marina Drive, Suite 200 | |
| Redding, CA 96049-4940 | |
| Tel: (530) 241-1905 | |
| Fax: (530) 241-0622 | |
| Email: rreiner@norcallaw.com | |
| Email: tslaughter@norcallaw.com | |
| Email: astratte@norcallaw.com | |
| Email: Kllaurado@norcallaw.com | |

__XX__   **BY REGULAR MAIL:** I caused such envelopes to be deposited in the United States Mail at Folsom, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing documents for mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to.

_____ **BY FEDERAL EXPRESS:** I caused such envelopes to be delivered by air courier, with next day service.

_____ **BY FACSIMILE:** The facsimile machine I used complied with California Rules of Court, rule 2003 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this affidavit.

_____ **BY PERSONAL SERVICE:** I caused such envelopes to be delivered by hand to the offices of the addressees.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed on **March 27, 2017,** at Folsom, California.

Erin Sanchez

**13**

ANSWER OF DEFENDANT SPECTRUM BRANDS, INC. TO PLAINTIFF DWAYNE HASKINS' COMPLAINT FOR DAMAGES

**EXHIBIT I**

FILED

MAR 27 2017

CLERK OF THE SUPERIOR COURT
BY: N. BLEVINS, DEPUTY CLERK

1  ROBERT E. DAVIES, ESQ. / SBN 106810
   MARY A. STEWART, ESQ. / SBN 106758
2  GREGORY A. NELSON, ESQ. / SBN 274926
   DONAHUE • DAVIES LLP
3  P.O. BOX 277010
   Sacramento, CA  95827
4  Telephone: (916) 817-2900
   Facsimile:  (916) 817-2644
5
   Attorneys for Defendants,
6  THE HOME DEPOT

7

8                    SUPERIOR COURT OF CALIFORNIA

9                         COUNTY OF SHASTA

10                              -oOo-

11 DWAYNE HASKINS,                    Case No. 186771

12            Plaintiff,

                                      ANSWER OF DEFENDANT THE HOME
13      v.                            DEPOT TO PLAINTIFF DWAYNE
                                      HASKINS' COMPLAINT FOR DAMAGES
14 DEFENDANT CORPORATION;
   SPECTRUM GROUP, DIVISION OF        JURY TRIAL DEMANDED
15      DEFENDANT CORPORATION;
   SPECTRUM BRANDS, INC.;             The Honorable Judge Stephen H. Baker
16 THE HOME DEPOT; and                Dept. 3
   DOES 1 through 100, inclusive,
17                                    Complaint First Filed:  February 14, 2017
            Defendants.               Trial Date:      January 17, 2018
18

19

20      COMES NOW Defendant, THE HOME DEPOT (hereinafter referred to as "Defendant"),

21 and answers Plaintiff's Complaint on file herein as follows:

22                         GENERAL DENIAL

23                              I.

24      Defendant denies, pursuant to Code of Civil Procedure §431.30, generally and specifically,

25 each and every allegation of Plaintiff's Complaint on file herein, and each and every cause of action

26 therein contained, and further denies that Plaintiff was damaged in any sum or sums at all as alleged

27 in said Complaint or otherwise.

28 //

                                          1
ANSWER OF DEFENDANT THE HOME DEPOT TO PLAINTIFF DWAYNE HASKINS' COMPLAINT FOR
                              DAMAGES

**RIGHT OF REMOVAL PRESERVED**

**II.**

Defendant does not waive through this Answer or by any other means its right to timely remove this civil action to Federal Court pursuant to 28 U.S.C. §§ 1332 and 1441.

**AFFIRMATIVE DEFENSES**

Defendant alleges the following affirmative defenses:

**III.**

That said Complaint, and each cause of action therein contained, does not state facts sufficient to constitute a cause of action against this answering Defendant.

**IV.**

That Plaintiff was negligent in some percentage compared to that of Defendant and said negligence contributed proximately to Plaintiff's damages, if any.

**V.**

If any damage was sustained by Plaintiff as alleged, such damage was caused or contributed to by the negligence or other wrongful conduct of persons, firms, corporations, governmental entities, governmental agencies, municipalities, or entities other than these answering Defendant, and said negligence or other wrongful conduct comparatively reduces the percentage of negligence or other liability, if any, of Defendant.

**VI.**

The damages sustained by Plaintiff, if any, were directly and proximately caused by the superseding, intervening acts and omissions of third parties for which this answering Defendant is not responsible or liable.

**VII.**

The damages of Plaintiff, if any, were legally and proximately caused or contributed to by the negligence, fault, negligence per se, assumption of risk, and other culpable conduct of Plaintiff, and the amount of damages, if any, Plaintiff may recover against Defendant must be diminished in the proportion that such conduct contributed to the alleged injuries, losses or damages of Plaintiff.

2

1

### VIII.

The damages of Plaintiff, if any, were legally and proximately caused by the implied agreement of Plaintiff and other individuals and entities to voluntarily assume the risk of a known and disclosed danger.  The risk encountered by Plaintiff and other individuals and entities was one inherent in the activity in question and was, therefore, a reasonable risk.  Thus, Plaintiff's reasonable implied assumption of the risk as well as that or other individuals and entities acts as a complete bar to any recovery by Plaintiff from this answering Defendant.

### VIX.

The damages of Plaintiff, if any, were legally and proximately caused by the alteration, modification and/or failure to properly maintain the chemicals or product in question by a person or entity other than this answering Defendant.  Further, that said conduct supersedes the liability, if any, of Defendant, and is the sole and proximate cause of Plaintiff's alleged damages.

### X.

The damages of Plaintiff, if any, were legally and proximately caused by the unforeseeable misuse or abuse of the chemicals or product in question.

### XI.

The chemicals or products in question were not in the same condition at the time of the events, injuries and damages alleged in the Complaint as when it allegedly left the custody of this answering Defendant.

### XII.

To the extent, if any, Defendant supplied any chemicals or products which are alleged to have caused injury, Plaintiff and other individuals and entities by their manner and method of application misused or made unintended use of those chemicals and products and failed to act in accordance with the labels and directions provided by said Defendant and Plaintiff is barred from recovery of damages from these answering Defendant.

//

//

3

### XIII.

To the extent, if any, Defendant supplied any chemical or product which is alleged to have caused injury, the labels contained on, provided with and published about any such chemical or product, provided directions and warnings that were in compliance with all pertinent state and federal laws, including, without limitation, the Federal Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. Section 136, et seq. ("FIFRA").

### XIV.

Defendant alleges that Plaintiff's Complaint and damages, if any, are barred and preempted by the Supremacy Clause, Article VI, Section 2, of the United States Constitution Federal Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. Section 136, et seq. ("FIFRA").

### XV

Without in any way acknowledging that this answering Defendant engaged in the acts and conduct set forth in the Complaint, or that such acts and conduct occurred in the manner alleged or at all, Defendant alleges that, had Plaintiff taken reasonable steps toward mitigating the alleged damages, Plaintiff would not have suffered the damages requested from Defendant.

### XVI.

If there is any comparative fault attributed to individuals or entities other than this answering Defendant, said percentage of fault comparatively reduces the non-economic damages, if any, that Plaintiff can recover from Defendant pursuant to *California Civil Code* § 1430 et seq.

### XVII.

The Complaint, and each cause of action therein contained, are barred by the applicable statute of limitations, including, but not limited to, the statute of limitations set forth in *California Code of Civil Procedure* §§ 335.1, 337, 338 and 340.

### XVIII.

Plaintiff and others failed to preserve the physical condition and integrity of evidence essential to the adequate and proper defense of this answering Defendant, including but not limited to the chemicals and products identified in Plaintiff's Complaint and the packaging and

4

documentation accompanying those chemicals and products, that such spoliation of evidence has damaged these answering Defendant and that such conduct on the part of Plaintiff and others precludes recovery of damages from these answering Defendant.

### XIX.

That the chemicals or products of these answering Defendant identified in Plaintiff's Complaint, if any, were and are manufactured, distributed and supplied in accordance with the stated scientific and technical knowledge available to the manufacturer or supplier at the time the chemicals or products were placed on the market and in accordance with the customary designs, methods, standards and techniques of manufacturing, inspection and testing of other manufacturers or suppliers of similar chemicals or products.

### XX.

Defendant is informed and believes and on that basis alleges that it discharged its duty to warn Plaintiff on the risks, if any, associated with the product that is the subject of this action and its use by providing adequate warnings to the intermediaries in the chain of custody of the product that is the subject of this action.

### XXI.

Defendant alleges that Plaintiff is precluded from recovering any consequential, special, indirect or incident damages, if any, from this answering Defendant by the disclaimer language on the product labels.

### XXII.

That the condition, if any, as alleged by Plaintiff that caused Plaintiff's damages, was open and obvious to Plaintiff, and as such, Plaintiff had prior notice of said condition. With said notice, Plaintiff failed to exercise reasonable care to avoid said incident.

### XXIII.

That Plaintiff failed to meet the conditions precedent for the bringing of a warranty action by failing to provide Defendant herein with proper notice of the alleged breach.

//

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## XXIV

This answering Defendant alleges that any warranties, including express and implied warranties, as to the alleged chemical or products are limited to the warranties specifically set forth on the product labels.

## XXV.

Plaintiff may not recover purely economic loss under a negligence or strict liability theory.

## XXVI.

Plaintiff was not in privity of contract with Defendant and, therefore, Plaintiff's claims for breach of warranty are barred.

## XXVII.

Any claim by Plaintiff for damages resulting from any purported breach of warranty is barred because any such claim is based on a warranty that has expired.

## XXVIII.

In the event that Plaintiff or any other party to this action, or any of them, recover any amount whatsoever from Defendant, Defendant reserves the right to seek contribution and indemnity from any such party.

## XXIX.

That said Complaint, and each cause of action therein contained, does not state facts sufficient to constitute a cause of action against this answering Defendant, as Defendant was not in the stream of distribution of the product at issue in this action and did not design, manufacture or distribute said chemical or product.

## XXX.

Defendant alleges that any recovery or settlement Plaintiff may have obtained from such other individuals, firms, corporations, or entities other than this answering Defendant, must reduce or bar altogether any recovery or judgment which Plaintiff might obtain from Defendant, if at all.

## XXXI.

Defendant alleges that the injuries and damages, if any, were caused or contributed to by

6

Plaintiff's failure to comply with the written and oral instructions relating to the use of the chemical or product, and that Plaintiff's recovery, if any, should therefore be diminished or barred in accordance with law.

### XXXII.

Plaintiff caused or allowed the product and/or other evidence to be concealed, lost, altered, damaged, destroyed, or otherwise spoliated.

### XXXIII.

The Plaintiff's claims against Defendant are barred in whole or in part by laches, waiver and/or estoppel.

### XXXIV.

That said Complaint does not state facts sufficient to constitute causes of action for strict liability, negligence, failure to warn, breach of implied warranty of merchantability against this answering Defendant.

### XXXV.

That said Complaint does not state facts sufficient to support a claim for punitive or exemplary damages against this answering Defendant and said claim for damages should be stricken from the Prayer for Relief.

### XXXVI.

That this answering Defendant made no representations of merchantability or fitness for a specific purpose, either in writing or orally, other than at the time of sale, and only those found in the express warranty and other written documents executed at the time of sale.

### XXXVII.

That in light of the relevant factors, on balance, the benefits of the design in question outweigh the alleged risk of any danger, if any, inherent in said design, and the product is not unreasonably dangerous and strict liability does not apply.

### XXXVIII.

Plaintiff is precluded from recovering from this answering Defendant by reason of the loss,

alteration or modification and/or substantial change of the product and of important evidence resulting in prejudice to Defendant.

### XXXIX.

Plaintiff is precluded from recovering from this answering Defendant by reason of the loss, alteration or modification and/or substantial change of the product and of important evidence resulting in prejudice to Defendant.

### XL.

That Plaintiff's alleged injuries or damages, if any, were the result of preexisting or subsequent conditions unrelated to any chemical or product sold or distributed by this answering Defendant.

### XLI.

That adequate and complete warnings and instructions were provided with the subject product, and the subject chemical or product was neither defective nor unreasonably dangerous when used according to label instructions.

### XLII.

That Plaintiff's claims are barred or reduced by the doctrine of avoidable consequences.

### XLIII.

That Plaintiff's claims are barred or reduced because Defendant did not owe any legal duty to Plaintiff or, if Defendant did owe such a legal duty, it did not breach that duty.

### XLIV.

That there is no causal relationship between Defendant or its activities described in the Complaint and any injuries or damages allegedly sustained by Plaintiff.

### XLV.

That any risks associated with use of the product which is the subject matter of this action are not beyond those expected by the ordinary consumer when used in an intended or reasonably foreseeable manner.

//

8

ANSWER OF DEFENDANT THE HOME DEPOT TO PLAINTIFF DWAYNE HASKINS' COMPLAINT FOR DAMAGES

### XLVI.

Plaintiff's claim for punitive or exemplary damages cannot be sustained because an award of punitive or exemplary damages under California law would violate Defendant's procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution and Defendant's due process and equal protection rights under Article 1, Section 7, of the California Constitution, and would be improper under the common law and public policies of the United States and State of California.

### XLVII.

The imposition of punitive or exemplary damages simply for selling a legal product is inappropriate.  The imposition of punitive or exemplary damages under such circumstances would violate Defendant's procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution as well as Defendant's due process and equal protection rights under Article 1, Section 7, of the California Constitution, and would be improper under the common law and public policies of the United States and the State of California.

### XLVIII.

Punitive or exemplary damages are inappropriate to the extent that they would serve no legitimate deterrent or retributive purpose.  The imposition of punitive or exemplary damages under such circumstances would violate DEFENDANT'S procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution, as well as DEFENDANT'S due process and equal protection rights under Article 1, Section 7, of the California Constitution, and would be improper under the common law and public policies of the United States and State of California.

### XLIX.

Consideration of due process, comity, and state sovereignty bar any attempts to punish and deter conduct with no direct nexus to the specific harm suffered by Plaintiff.  Defendant's dissimilar acts, independent from the acts upon which liability is premised, may not serve as the basis for

9

1   punitive or exemplary damages.   Imposition of punitive or exemplary damages under such

2   circumstances would violate Defendant's procedural and substantive due process rights and equal

3   protection rights under the Fifth and Fourteenth Amendments to the United States Constitution, as

4   well as Defendant's due process and equal protection rights under Article 1, Section 7, of the

5   California Constitution, and would be improper under the common law and public policies of the

6   United States and State of California.

7                                                        **L.**

8          Considerations of due process, comity, and state sovereignty bar any attempts to punish

9   Defendant for conduct having no impact in the State of California and/or which may have been

10  lawful where it occurred.   Imposition of punitive or exemplary damages under such circumstances

11  would violate Defendant's procedural and substantive due process rights and equal protection rights

12  under the Fifth and Fourteenth Amendments to the United States Constitution as well as

13  DEFENDANT'S due process and equal protection right under Article 1, Section 7, of the California

14  Constitution, and would be improper under the common law and public policies of the United States

15  and State of California.

16                                                       **LI.**

17         No punishment may be imposed for conduct that cannot form the basis for an underlying

18  claim for liability; including, but not limited to, conduct that occurred outside the applicable statutes

19  of limitations and repose.   Imposition of punitive or exemplary damages under such circumstances

20  would violate Defendant's procedural and substantive due process rights and equal protection rights

21  under the Fifth and Fourteenth Amendments to the United States Constitution as well as Defendant's

22  due process and equal protection rights under Article 1, Section 7, of the California Constitution, and

23  would be improper under the common law and public policies of the United States and State of

24  California.

25                                                       **LII.**

26         Plaintiff's claim for punitive or exemplary damages cannot be sustained because California

27  law does not provide constitutionally adequate standards of sufficient clarity for determining the

28

**ANSWER OF DEFENDANT THE HOME DEPOT TO PLAINTIFF DWAYNE HASKINS' COMPLAINT FOR DAMAGES**

appropriate imposition of, and the appropriate size of, a punitive or exemplary damages award. Imposition of punitive or exemplary damages under such circumstances would violate Defendant's procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution, as well as Defendant's due process and equal protection rights under Article 1, Section 7, of the California Constitution, and would be improper under the common law and public policies of the United States and State of California.

### LIII.

Plaintiff's claim for punitive or exemplary damages cannot be sustained because California law does not provide constitutionally adequate instructions to the jury on the limits of, and standards for, determining the amount of punitive or exemplary damages to be imposed given the applicable principles of deterrence and punishment. Imposition of punitive or exemplary damages under such circumstance would violate Defendant's procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments of the United States Constitution, as well as Defendant's due process and equal protection rights under Article 1, Section 7, of the California Constitution, and would be improper under the common law and public policies of the United States and State of California.

### LIV.

Plaintiff's claim for punitive or exemplary damages cannot be sustained to the extent California law allows punitive or exemplary damages to be awarded, or the amount of an award of punitive or exemplary damages to be based, in whole or in part, on the basis of invidiously discriminatory characteristics, including but not limited to the residence, wealth, and corporate status of Defendant. Imposition of punitive or exemplary damages under such circumstances would violate Defendant's procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution, as well as Defendant's due process and equal protection rights under Article 1, Section 7, of the California Constitution, and would be improper under the common law and public policies of the United States and State of California.

//

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### LV.

Plaintiff's claim for punitive or exemplary damages cannot be sustained because California law does not provide Defendant with adequate notice of the conduct or mental state that might make it subject to a possible punitive or exemplary damages award, or the amount of such an award. Imposition of punitive or exemplary damages under such circumstances would violate Defendant procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution, as well as DEFENDANT'S due process and equal protection rights under Article 1, Section 7, of the California Constitution, and would be improper under the common law and public policies of the United States and State of California.

### LVI.

Plaintiff's claim for punitive or exemplary damages cannot be sustained because California law does not subject the jury's punitive or exemplary damages verdict to proper trial court and appellate judicial review for reasonableness, excessiveness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards.  Imposition of punitive or exemplary damages under such circumstances would violate Defendant's procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution as well as Defendant's due process and equal protection rights under Article 1, Section 7, of the California Constitution, and would be improper under the common law and public policies of the United States and State of California.

### LVII.

Plaintiff's claim for punitive or exemplary damages cannot be sustained to the extent it seeks to punish Defendant for alleged harm to non-parties.  Imposition of punitive or exemplary damages under such circumstances would violate Defendant's procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution as well as Defendant's due process and equal protection rights under Article 1, Section 7, of the California Constitution, and would be improper under the common law and public policies of the United States and the State of California.

12

ANSWER OF DEFENDANT THE HOME DEPOT TO PLAINTIFF DWAYNE HASKINS' COMPLAINT FOR DAMAGES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## LVIII.

Plaintiff's claims are barred because the injuries for which recovery is sought were allegedly caused by a characteristic of a chemical or product allegedly sold by Defendant which cannot be eliminated without substantially compromising the product's usefulness or desirability and which is recognized by the ordinary person with ordinary knowledge common to the community.

## LIX.

Any award of punitive or exemplary damages under a process that fails to bifurcate the issue of punitive or exemplary damages from the remaining issues violates Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and concomitant provisions of the California Constitution.

## LX.

Any award of punitive or exemplary damages that is disproportionate to the amount of actual damages, that does not bear a reasonable relationship to actual damages, and that does not correlate to the actual cause of any injury violates Defendant's rights under the Due Process clause of the Fourteenth Amendment to the United States Constitution and concomitant provisions of the California Constitution.

## LXI.

Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to his "costs of suit", including attorney's fees or costs, under California law.

## LXII.

Plaintiff's claims are barred to the extent that they are based upon conduct unrelated to Plaintiff's alleged harm.

## LXIII.

Defendant reserves the right to amend its answer to assert further affirmative defenses that are not presently known but may become known and available through further investigation and discovery.

**WHEREFORE,** Defendant prays judgment as follows:

13

ANSWER OF DEFENDANT THE HOME DEPOT TO PLAINTIFF DWAYNE HASKINS' COMPLAINT FOR DAMAGES

**PROOF OF SERVICE**

CAPTION:   HASKINS V. DEFENDANT CORP., ET AL.
COURT:     SUPERIOR
COUNTY:    SHASTA
CASE NO:   186771

I am a citizen of the United States, over 18 years of age, employed in Sacramento County, and not a party to the within action; my business address is 1 Natoma Street, Folsom, California, 95630.

On **March 27, 2017**, I served, in the manner indicated below, the foregoing document described as:

**ANSWER OF DEFENDANT THE HOME DEPOT TO PLAINTIFF DWAYNE HASKINS' COMPLAINT FOR DAMAGES**

to the parties in this action by placing true copies thereof, enclosed in sealed envelopes, addressed as follows:

| Plaintiff's Counsel: | |
|---|---|
| Russell Reiner, Esq. | |
| Todd E. Slaughter, Esq. | |
| April K. Stratte, Esq. | |
| Kathryn C. Llaurado, Esq. | |
| REINER SLAUGHTER & McCARTNEY, LLP | |
| 2851 Park Marina Drive, Suite 200 | |
| Redding, CA 96049-4940 | |
| Tel: (530) 241-1905 | |
| Fax: (530) 241-0622 | |
| Email: rreiner@norcallaw.com | |
| Email: tslaughter@norcallaw.com | |
| Email: astratte@norcallaw.com | |
| Email: Kllaurado@norcallaw.com | |

__XX__   **BY REGULAR MAIL:**  I caused such envelopes to be deposited in the United States Mail at Folsom, California, with postage thereon fully prepaid.  I am readily familiar with the firm's practice of collection and processing documents for mailing.  It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to.

_____   **BY FEDERAL EXPRESS:**  I caused such envelopes to be delivered by air courier, with next day service.

_____   **BY FACSIMILE:**  The facsimile machine I used complied with California Rules of Court, rule 2003 and no error was reported by the machine.  Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this affidavit.

_____   **BY PERSONAL SERVICE:**  I caused such envelopes to be delivered by hand to the offices of the addressees.

15

ANSWER OF DEFENDANT THE HOME DEPOT TO PLAINTIFF DWAYNE HASKINS' COMPLAINT FOR DAMAGES

1   I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true
2   and correct, and that this declaration was executed on **March 27, 2017**, at Folsom, California.

3                                                                Erin Sanchez

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    16