IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE HASKINS,  No. 2:17-CV-0657-TLN-CMK

    Plaintiff,

  vs.  ORDER

UNITED INDUSTRIES CORP.,
et al.,

    Defendants.

_____/

        Plaintiff, who is proceeding with retained counsel, brings this civil action. The action, which raises products liability claims, was removed from the Shasta County Superior Court based on diversity. Pending before the court are: (1) plaintiff's motion for a protective order (Doc. 10); and (2) defendants' motion for a protective order (Doc. 12).[1] The matter was argued before the undersigned in Redding, California. Terrence McCartney, Esq., and Kathryn Llaurado, Esq., appeared for plaintiff. Jason Wheeler, Esq., appeared for defendants. After

---

[1] Plaintiff argues that a stipulated protective order should contain a "sharing provision." Defendants oppose inclusion of such a provision. The parties' motions are, therefore, construed as defendants' motion to exclude the "sharing provision."

1

considering the parties' argument, the matter was submitted.

The parties agree on the need for a protective order. They do not, however, agree on the need for a "sharing provision" – plaintiff argues that the sharing provision is appropriate, while defendants argue that it is not. At issue is paragraph 7.2, sub-paragraph (h) of the proposed protective order (see Doc. 11):

> 7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information designated "CONFIDENTIAL" only to "Qualified Persons." Qualified Persons are limited to:
>
> * * *
>
> (h) attorneys representing plaintiffs, and the experts and non-attorney consultants retained by such attorneys, in other cases who have claims against any of the Defendants in which it is alleged that a product defect of failing to adequately warn of potential risks and danger and instruct on the safe use of Spectracide Triazicide 'Insect Killer for Lawns' Granules caused injury, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of the Defendants. With respect to other lawsuits, Plaintiffs' counsel herein are required to provide counsel for Defendants with 30 days written notice of their intention to share such information with other Plaintiffs' counsel in order to allow counsel for Defendants an opportunity to object and/or seek judicial intervention.

It should be noted that sub-paragraph (h) does NOT require recipients of confidential information to sign an agreement to be bound by the protective order or jurisdiction of the court. Each other recipient of information outlined in paragraph 7.2 is required to sign such an agreement.

Citing <u>Raymond Handing Concepts Corp. v. Superior Court</u>, 39 Cal. App. 4th 584 (1995), plaintiff argues that the proposed sharing provision is appropriate where other counsel who may receive confidential information for purposes of related litigation agree to be bound by the protective order. Plaintiff argues that the Ninth Circuit favors appropriate sharing provisions. <u>See</u> <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122 (9th Cir. 2003); <u>see also</u> <u>Olympic Refining Co. v. Carter</u>, 332 F.2d 260 (9th Cir. 1964). According to plaintiff, the proposed sharing provision at 7.2(h) is appropriate because it provides defendants with an opportunity to

seek judicial intervention with respect to any disclosures to other attorneys, and because anyone receiving such disclosures must agree to be bound by the protective order and subject to this court's jurisdiction. Plaintiff references an "Acknowledgment and Agreement to Be Bound" which, according to plaintiff, is Exhibit A of the proposed protective order. Defendants object, arguing that: (1) confidential documents could be disseminated to unknown persons; (2) confidential documents could be disseminated to persons not subject to the court's jurisdiction; (3) the sharing provision is not appropriate at this time because plaintiff has not yet identified other lawsuits similar to the instant litigation; and (4) the provision is overbroad in terms of the description is "other lawsuits."

Defendants' objections are well-taken. First, as noted above, sub-paragraph (h) does not require recipients of confidential information to sign an agreement to be bound. Further more, the agreement to be bound, designated as Exhibit A to the protective order, is not included with the proposed stipulated protective order submitted to the court. Second, the court agrees with defendants that the provision is overbroad in its definition of "other lawsuits," particularly in the context of the manner in which plaintiff was injured in this case – inhaling smoke from burning yard debris that had some time earlier been exposed to defendants' product.

Finally, the court agrees that a sharing provision is not warranted at this time because plaintiff has not identified any pending "other lawsuits." Plaintiff argues that inclusion of a sharing provision is all about "access to information" and that a sharing provision is needed so that plaintiff's counsel will be able to compare information with other plaintiffs to ensure that accurate information is being provided. This argument, however, is unpersuasive in the absence of other lawsuits known to plaintiff. In Raymond Handling Concepts, cited by plaintiff, the shaving provision at issue referenced "other similar pending litigation," indicating that there were other similar cases pending at the time the protective order was introduced. See Raymond Handling Concepts, 39 Cal. App. 4th at 587. In Foltz, the court approved the sharing of information generated in a lawsuit that had settled to third-party intervenors who had requested

the sharing of information for purposes of other similar litigation pending at the time. See 331 F.3d 1122. Moreover, the court noted in Foltz that, "before deciding to modify the protective order, the court that issued it must consider other factors in addition to the relevance of the protected discovery to the collateral litigation." See id. at 1133. Because a court cannot pass on the relevance of discovery to litigation that is not pending, this language also indicates that "other litigation" must actually be pending, not merely possible. In Olympic Refining Co., discovery was sought to be shared with counsel in other litigation actually pending at the time. See 332 F.2d at 261. Finally, in Bell v. Chrysler Corp., 2002 WL 172643 (N.D. Tex., Feb. 1, 2002), also cited by plaintiff, the court stated that a sharing provision was appropriate "in a case where the identical issue is being litigated," indicating "other litigation" actually pending at the time.

Accordingly, IT IS HEREBY ORDERED that defendants' motion to exclude the sharing provision (Doc. 12) is granted and plaintiff's motion to include the sharing provision (Doc. 10) is denied without prejudice. The parties shall submit a revised proposed stipulated protective order to the court within 10 days of the date of this order.

DATED: April 24, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE